No. 102,454

WILLIAM D. ALBRIGHT, *Appellant*, v. STATE OF KANSAS,
*Appellee*.
(251 P.3d 52)

Opinion filed May 20, 2011.

*Gerald E. Wells*, of Lawrence, argued the cause and was on the brief for appellant.

*Lee J. Davidson*, assistant attorney general, argued the cause, and *Steve Six*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: An appellate court's jurisdiction depends on several factors, including the timely filing of a notice of appeal. In this appeal, it is undisputed that the notice was not filed by the statutory deadline. Nevertheless, K.S.A. 60-1507 movant William D. Albright asks for a waiver of the rule as a remedy for the deficient performance of his appointed counsel. As evidence of his contention that he received ineffective assistance of counsel, he cites his appointed counsel's failure to timely file a notice of appeal from the district court's judgment denying his K.S.A. 60-1507 motion.

His argument was rejected by the Court of Appeals, which dismissed his appeal on June 25, 2009. On petition for review, the parties suggest there is tension in the holdings and rationale of this court's decisions in *State v. Patton*, 287 Kan. 200, 195 P.3d 753 (2008); *Guillory v. State*, 285 Kan. 223, 170 P.3d 403 (2007); *Kargus v. State*, 284 Kan. 908, 169 P.3d 307 (2007); *Brown v. State*, 278 Kan. 481, 101 P.3d 1201 (2004); and *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). The variance in the holdings and rationales of those decisions, according to the parties, make it unclear whether there is or should be a recognized exception allowing an out-of-time appeal if the delay resulted from ineffective assistance of appointed 60-1507 counsel.

After discussing the rationale and holding of each of these decisions, we conclude the Court of Appeals should not have dismissed Albright's appeal because appointed counsel's performance was deficient and the appropriate remedy is to exercise jurisdiction over Albright's appeal. Therefore, we remand to the Court of Appeals for its consideration of the merits of Albright's appeal.

## FACTS AND PROCEDURAL BACKGROUND

Albright was convicted in 1999 of premeditated first-degree murder and received a hard 40 life sentence. This court affirmed in *State v. Albright*, 271 Kan. 546, 24 P.3d 103 (2001). Then, Albright pursued postconviction 60-1507 relief on the basis of ineffective assistance of trial counsel; the Court of Appeals reversed in an unpublished decision and remanded for a new trial. *State v. Albright*, No. 90,216, 2004 WL 1041350 (Kan. App. 2004) (unpublished opinion). In his second trial, Albright was again convicted of premeditated first-degree murder and received a hard 40 life sentence. His conviction and sentence were affirmed in *State v. Albright*, 283 Kan. 418, 153 P.3d 497 (2007).

On March 12, 2008, Albright filed the pro se 60-1507 motion that underlies this appeal. The district court appointed counsel to represent Albright and scheduled a preliminary hearing. At the request of the district court, Albright's appointed counsel filed a motion clarifying the issues to be addressed at the hearing and asserted three claims of ineffective assistance of trial counsel: (1) counsel failed to interview an alibi witness, (2) counsel failed to present evidence showing that the fingerprints of an individual other than Albright were found at the site of the murder, and (3) counsel failed to request a change of venue.

At a preliminary hearing, after receiving limited evidence (specifically, Kansas Bureau of Investigation fingerprint reports) and hearing appointed counsel's arguments, the district court found that Albright's allegations did not present substantial issues of fact requiring an evidentiary hearing. Consequently, on October 14, 2008, the court denied Albright's 60-1507 motion.

No timely appeal was filed. Then, on February 4, 2009, Albright inquired of the district court whether an appeal had been filed in his case. On February 17, 2009, Albright filed a pro se notice of appeal, accompanied by a motion in which he argued that he should be permitted to file his appeal out of time because "[p]etitioner was represented by appointed counsel and as a result of his ineffectiveness failed to properly and timely file a Notice of Appeal in the instant matter." Months later, he filed another pro

se notice of appeal and a motion for appointment of appellate counsel. New counsel was appointed to represent Albright in a hearing pursuant to *Ortiz*, 230 Kan. 733. Instead of proceeding with a hearing, however, the district court approved an "Agreed Order Allowing Docketing of Appeal Out of Time," in which the parties stipulated that Albright "would present evidence at a *State v. Ortiz* hearing that he was not fully informed of his appeal rights in this case."

An appeal was docketed, but the Court of Appeals issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction due to Albright's failure to file the notice of appeal within the 30-day limitation of K.S.A. 60-2103(a). After receiving the parties' responses, the Court of Appeals dismissed Albright's 60-1507 appeal, citing to *Guillory*, 285 Kan. 223.

Albright filed the petition for review, which we granted, giving us jurisdiction under K.S.A. 20-3018(b). Before us, the State filed a supplemental brief in which it stipulated for "purposes of this appeal that (a) Albright was furnished an attorney for the purpose of an appeal, (b) the attorney failed to perform, and (c) but for [appointed] counsel's failure, Albright would have taken a timely appeal."

## ANALYSIS

### *Principles of Law/Standard of Review*

Generally, when presented with a 60-1507 motion, a district court has three options. First, it may determine that the motion, files, and records of the case conclusively show that the movant is entitled to no relief, in which case it will summarily deny the motion without appointing counsel. Second, the court may determine from the motion, files, and records that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the movant. Third, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and records, and then appoint counsel and hold a preliminary hearing to determine whether in fact the issues in the motion are substantial. *Trotter v. State*, 288 Kan. 112, Syl. ¶ 13, 200 P.3d 1236 (2009); *Bellamy v. State*, 285 Kan. 346, 353,

172 P.3d 10 (2007). In this case, the district court selected the third option.

Regardless of which option is followed, a request for postconviction relief filed under K.S.A. 60-1507 is a civil proceeding and is governed by the rules of civil procedure. Supreme Court Rule 183(a) (2010 Kan. Ct. R. Annot. 255); *State v. Richardson*, 194 Kan. 471, 472-73, 399 P.2d 799 (1965). Accordingly, the procedure for appeal of a judgment in a 60-1507 proceeding is found in K.S.A. 60-2103(a), which governs appeals in civil cases and includes the requirement that a notice of appeal must be filed within 30 days from the entry of judgment. In this case, the parties agree that Albright's notice of appeal was filed after the 30-day deadline.

The filing of a timely notice of appeal is jurisdictional. Generally, the failure to file a timely notice of appeal requires dismissal of the appeal. See *Patton*, 287 Kan. at 206; *State v. Legero*, 278 Kan. 109, 111, 91 P.3d 1216 (2004); see also *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 752, 199 P.3d 781 (2009) (parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel). There are exceptions to this rule, however. See, *e.g.*, K.S.A. 60-2103(a) (recognizing exception if party failed to learn of judgment because of "excusable neglect"); *Schroeder v. Urban*, 242 Kan. 710, 713-14, 750 P.2d 405 (1988) (recognizing "unique circumstances" exception if an untimely filing was result of good faith reliance on court's error in extending time for filing appeal when it had no authority to do so); *Brown*, 278 Kan. at 483-85 (recognizing ineffective assistance of appointed counsel exception in 60-1507 proceeding by applying *Ortiz* exceptions); *cf. Ortiz*, 230 Kan. at 735-36 (recognizing limited exceptions if criminal appeal is untimely filed). Albright seeks application of one or more of these exceptions or the extension of an exception to cover his situation.

The issues of whether an exception will be recognized in this situation and, more generally, whether there is subject matter jurisdiction present questions of law that are subject to unlimited review. A question of subject matter jurisdiction may be raised at any time by a party or by a court, including an appellate court. *State v. Ellmaker*, 289 Kan. 1132, 1147, 221 P.3d 1105 (2009), *cert. denied* 130 S. Ct. 3410 (2010); *Patton*, 287 Kan. at 205.

Consequently, it was appropriate for the Court of Appeals to question whether it had subject matter jurisdiction. Albright does not dispute that procedure, but he argues the Court of Appeals erred in applying *Guillory*, 285 Kan. 223, to his appeal and in failing to recognize the application of the exceptions recognized in *Ortiz*, 230 Kan. 733, and applied in *Brown*, 278 Kan. 481. The State also questions whether *Guillory* controls this appeal, but it disputes Albright's contention that the *Ortiz* exceptions apply to 60-1507 appeals, and it argues that our decision in *Patton*, 287 Kan. 200, brings the holding in *Brown* into question. The State points out that we must also consider the analysis in *Kargus*, 284 Kan. 908, and determine whether it has any application.

Because Albright seeks the application of the *Ortiz* exceptions, we begin our discussion with that case and will then discuss how *Guillory*, *Brown*, *Patton*, and *Kargus* impact the application of the *Ortiz* exceptions to these facts.

*Ortiz*

The *Ortiz* exceptions recognize that an untimely appeal may be allowed in the direct appeal from a conviction and sentence if a criminal defendant either (1) was not informed of the right to appeal at sentencing or by counsel, (2) was indigent and not furnished counsel to perfect an appeal, or (3) was furnished counsel for that purpose who failed to perfect and complete an appeal. *Ortiz*, 230 Kan. at 735-36; see *State v. Phinney*, 280 Kan. 394, Syl. ¶ 3, 122 P.3d 356 (2005).

*Ortiz* does not directly support Albright's argument, however, because, under its facts, the holding applies to *direct* appeals of a *criminal defendant*. The decision does not answer the question of whether an exception applies if an untimely notice is filed in a *collateral attack* on a criminal conviction that is brought by a *civil petitioner*, such as in this 60-1507 action. Hence, for the *Ortiz* exceptions to apply, we must extend the exceptions to 60-1507 actions in which counsel has been appointed to represent

"[a] prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws

of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." K.S.A. 60-1507(a).

Albright suggests that, like a defendant in a criminal case, a prisoner who seeks relief from a criminal judgment is entitled to effective assistance of appointed counsel and, if appointed counsel fails to meet this obligation, the prisoner has a due process right to continue an appeal.

Albright's argument highlights a divide that is created by K.S.A. 22-4506(b) and Supreme Court Rule 183(m), the provisions authorizing the appointment of counsel for some 60-1507 movants but not others. K.S.A. 22-4506(b) limits the right to appointed counsel to those cases in which the district court finds that the 60-1507 motion "presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person." Rule 183(m) extends that right to an appeal from a 60-1507 judgment, stating: "If a movant desires to appeal and contends he or she is without means to employ counsel to perfect the appeal, the district court shall, if satisfied that the movant is an indigent person, appoint competent counsel to conduct such appeal." (2010 Kan. Ct. R. Annot. 257).

Albright argues the extension of the *Ortiz* exceptions to cases in which a 60-1507 movant has appointed counsel was recognized in *Brown*, 278 Kan. 481.

*Brown*

As Albright points out, Brown, like Albright, was provided with appointed counsel by the district court after Brown filed a pro se 60-1507 motion alleging ineffective assistance of trial counsel. After appointing counsel, the district court held a nonevidentiary hearing and denied the motion. Brown was not aware of any of the district court's actions because appointed counsel failed to inform Brown of his appointment, of the hearing, of the court's decision, or of the right to appeal. Further, counsel did not file an appeal. *Brown*, 278 Kan. at 482.

Over 2 years later, Brown learned of the outcome of his case and filed an untimely appeal, along with a motion asking the district

court to permit the appeal. The district court denied the motion, citing *Robinson v. State,* 13 Kan. App. 2d 244, Syl. ¶ 4, 767 P.2d 851, *rev. denied* 244 Kan. 738 (1989) (holding there is no constitutional right to counsel or the effective assistance of counsel in a 60-1507 proceeding and, therefore, dismissal of the action because counsel failed to timely perfect appeal does not violate due process).

On appeal Brown argued "he should be allowed to file the appeal out of time pursuant to notions of due process and fundamental fairness and per *State v. Ortiz,* 230 Kan. 733." *Brown,* 278 Kan. at 482-83. In response, the State argued that *Ortiz* did not apply and that there is no constitutional right to effective assistance of counsel in 60-1507 motions.

In sorting out these contentions, the *Brown* court acknowledged there is no constitutional right to the assistance of counsel in a 60-1507 proceeding because a 60-1507 proceeding is a civil action, not criminal, and the Sixth Amendment to the United States Constitution applies only to criminal proceedings. Nevertheless, K.S.A. 22-4506(b) grants a statutory right to counsel in some 60-1507 proceedings, and the court considered whether that statutory right included the right to effective assistance of counsel. The court referred to K.S.A. 22-4522(e)(4), which requires the Board of Indigents' Defense Services to adopt rules and regulations that establish qualifications, standards, and guidelines for public defenders, appointed counsel, and contract counsel, and thereby suggests standards of competence are required for counsel. *Brown,* 278 Kan. at 484. In addition, the *Brown* court looked to other jurisdictions where courts held that some standard of competence is required by appointed counsel and quoted the following from the Tenth Circuit Court of Appeals:

" 'Although the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment, counsel should be appointed in post conviction matters when disposition cannot be made summarily on the face of the petition and record. *When counsel is so appointed he must be effective and competent. Otherwise, the appointment is a useless formality.'* " (Emphasis added.) *Brown,* 278 Kan. at 484 (quoting *Cullins v. Crouse,* 348 F.2d 887, 889 [10th Cir. 1965]).

The *Brown* court was persuaded by this analysis and affirmatively declared that Brown had a right to the effective assistance of

his 60-1507 appointed counsel. Further, the court concluded that appointed counsel's failure to timely notify Brown of an adverse decision in the 60-1507 proceeding and of the right to appeal that decision resulted in the denial of Brown's statutory right to effective assistance of counsel, entitling him to take his appeal out of time. In so holding, this court overruled any contrary language in *Robinson*, 13 Kan. App. 2d 244, or its progeny. *Brown*, 278 Kan. at 484-85.

*Guillory*

Three years later, however, this court denied another 60-1507 movant the right to file an untimely appeal. In *Guillory*, 285 Kan. 223, which is the decision relied on by the Court of Appeals in dismissing Albright's appeal, the court ruled that the *Ortiz* exceptions did not save Guillory's out-of-time appeal.

Relying on this holding, the Court of Appeals in this case issued an order to show cause why Albright's appeal should not be dismissed. In the order, the Court of Appeals stated:

"The court notes the April 29, 2009, order in which the parties agreed to accept the untimely notice of appeal as timely filed, on the theory that Appellant's counsel failed to perfect his appeal. However, where a defendant files an untimely appeal from the denial of a K.S.A. 60-1507 motion, the exceptions of *State v. Ortiz* are inapplicable and the appeal must be dismissed. *Guillory v. State*, 285 Kan. 223, Syl. ¶ 3, 170 P.3d 403 (2007)."

Albright argues that this statement of the *Guillory* holding is overly broad because it ignores the facts of *Guillory*, specifically that Guillory was not represented by appointed counsel. The State agrees. Albright further argues the facts of this case and of *Brown* are distinguishable from *Guillory* because a district court appointed counsel to represent Brown and Albright.

As Albright notes, *Guillory* presented a different situation from *Brown* because Guillory acted as a pro se petitioner throughout the district court proceeding and did not have counsel to file an appeal when the district court entered a summary denial of Guillory's 60-1507 motion, *i.e.*, a denial that occurred without the appointment of counsel or a hearing. Nevertheless, Guillory, like Brown, contended that his case fell within the first *Ortiz* exception

(failure to be informed of his right to appeal). He asserted that the principles of fundamental fairness require that a 60-1507 movant who has not been provided with appointed counsel should either be informed of the right to appeal by the court or be permitted to appeal the denial out of time. Albright makes the same argument.

The *Guillory* court clearly rejected the notion that a 60-1507 movant can rely on the first *Ortiz* exception in order to file an untimely appeal. *Guillory*, 285 Kan. 223, Syl. ¶ 3. The *Guillory* court explained:

"A fatal flaw in Guillory's argument is that the first *Ortiz* exception, excusing an untimely notice of appeal where the defendant was not informed of the right to appeal, was based on the fact that a criminal defendant has a statutory right to be advised of his or her right to a direct appeal. K.S.A. 22-3424(f) requires the sentencing court to inform criminal defendants of the right to appeal. See *Phinney*, 280 Kan. at 402 (discussing K.S.A. 22-3424[f], which requires trial court to advise defendant in a criminal case of right to appeal, and noting *State v. Willingham*, 266 Kan. 98, 100-01, 967 P.2d 1079 [1998], and *Ortiz* indicate fundamental fairness requires that criminal defendant be advised of rights to direct appeal). In contrast, there is no statutory requirement that the district court advise a K.S.A. 60-1507 petitioner of the right to appeal the decision on his or her petition." *Guillory*, 285 Kan. at 228.

Consequently if Albright's argument is founded on the first *Ortiz* exception only, the Court of Appeals was correct in dismissing this appeal. But it is not. Before us, Albright's counsel clarified that, although reasserting his request that this court recognize that a district court has a duty to inform a 60-1507 movant of the right to appeal, Albright also relies on the third *Ortiz* exception (counsel failed to perfect and complete an appeal). According to Albright, he had presented this issue to the Court of Appeals through (1) his focus on ineffective assistance of appointed counsel in his February 2009 pro se motion and (2) his contention there is "prima facie" evidence of ineffective assistance of appointed counsel. He further argues that *Guillory* did not address the third *Ortiz* exception. Rather, the *Guillory* court drew no conclusion regarding the rights of a 60-1507 movant who has appointed counsel. In that regard, he argues, the *Guillory* court did not overrule *Brown*'s conclusion that a 60-1507 movant who had appointed counsel had

the right to file an out-of-time appeal as a remedy for appointed counsel's deficient conduct.

We agree with these arguments. Contrary to the Court of Appeals' conclusion in this case, the *Guillory* court did not reject the potential application of the third *Ortiz* exception in cases where the district court had determined that the 60-1507 movant had met the threshold to have counsel appointed. In fact, the *Guillory* court went out of its way to distinguish *Brown* by noting that "at the heart" of the *Brown* court's reasoning was the notion that, under statutory mandate, appointed counsel must provide at least minimally competent assistance. *Guillory*, 285 Kan. at 228. The *Guillory* court reasoned the same consideration could not apply to a pro se 60-1507 movant, such as in Guillory's case. The *Guillory* court reiterated that there is no statutory right to counsel at the district court level for indigent 60-1507 movants "until they meet the threshold showing of substantial legal issues or triable issues of fact." *Guillory*, 285 Kan. at 228. A pro se 60-1507 movant who fails to meet this threshold does have a right to appointment of counsel on appeal "but not until after a notice of appeal has been filed." *Guillory*, 285 Kan. at 228-29; see Supreme Court Rule 183(m). Thus, the court indirectly confirmed that the second *Ortiz* exception could not apply—there is no obligation to appoint appellate 60-1507 counsel unless counsel had been appointed for purposes of the proceedings in the district court or until after the notice of appeal has been filed. As far as the filing of a timely notice of appeal is concerned, a pro se 60-1507 movant is "in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." *Guillory*, 285 Kan. at 229. Consequently, this court concluded it had no jurisdiction to consider Guillory's untimely appeal from the district court's summary denial of the 60-1507 motion. The appeal was dismissed. *Guillory*, 285 Kan. at 229.

Although the *Guillory* court did not specifically say its decision had no impact on the application of the third *Ortiz* exception or the portion of the *Brown* decision that discussed the impact of counsel's deficient performance in not filing an appeal, the court's

efforts to distinguish *Brown* suggest that its holding regarding the third *Ortiz* exception has no application to cases where counsel was appointed. Rather, after the *Guillory* decision, *Brown* continues to be potentially applicable to the third *Ortiz* exception. Albright met the threshold for having and did have appointed counsel, so *Guillory* does not foreclose the possibility that he has a remedy under the third *Ortiz* exception.

### Patton

The State does not dispute that conclusion but argues *Brown* was undercut by the subsequent decision in *State v. Patton*, 287 Kan. 200, 195 P.3d 753 (2008), which it argues "changes the analysis."

Essentially, the *Patton* decision clarified the parameters of the *Ortiz* exceptions and defined the process for analyzing whether *Ortiz* mandates an out-of-time appeal in direct appeals from a criminal judgment. The court emphasized that "[w]e set out three narrowly defined, truly exceptional circumstances, when that remedy takes the form of permission for a late direct appeal." *Patton*, 287 Kan. at 217. This limitation to direct appeals means that the decision cannot be read to expressly overrule any decisions relating to postconviction proceedings, including *Guillory* or *Brown*. Nevertheless, the State argues that the decision undercuts the application of *Ortiz* to statutory procedures—such as this 60-1507 action—because the *Patton* court found that each *Ortiz* exception was rooted in the constitution. The *Patton* court explained:

> "It is evident to us today that what have come to be known in Kansas as the three '*Ortiz* exceptions' are grounded not only in fundamental fairness . . . but in the Sixth Amendment right to counsel. The first of the exceptions—applicable when a defendant was not informed of the right to appeal—goes to procedural due process alone. The second and third exceptions—applicable when a defendant was not furnished an attorney to perfect an appeal or was furnished an attorney for that purpose who failed to perfect and complete an appeal—go to the right of counsel and effectiveness of counsel." *Patton*, 287 Kan. at 218-19.

As for the first *Ortiz* exception (failure to be informed of the right to appeal), based on procedural due process, *Patton* clarified that a criminal defendant may qualify to take a late appeal "if he

or she has been denied basic procedural due process, *i.e.,* timely and reasonable notice and an opportunity to be heard." *Patton,* 287 Kan. at 219. The *Patton* court went on to describe three Kansas statutes providing specific procedural safeguards of the right to appeal by certain criminal defendants. See K.S.A. 22-3210(a)(2) (district court accepting felony guilty or nolo contendere plea must inform criminal defendant of his or her waiver of right to appeal any resulting conviction); K.S.A. 22-3424(f) (at sentencing, district court must inform criminal defendant of his or her right to appeal the conviction and right to appeal *in forma pauperis* if unable to pay costs of an appeal); K.S.A. 22-4505 (district court must inform indigent criminal defendant of right to appeal the conviction and right to have appointed counsel and transcript of trial record for purposes of appeal). *Patton* indicated that due process is denied by the district court's failure to abide by these statutes as they have been interpreted by earlier Kansas case law. None of these statutes pertain to postconviction appeals of 60-1507 decisions.

Therefore, with regard to the first *Ortiz* exception, *Patton* does not overrule *Guillory* or change *Guillory*'s conclusion that "there is no statutory requirement that the district court advise a K.S.A. 60-1507 petitioner of the right to appeal the decision on his or her petition." *Guillory,* 285 Kan. at 228. If anything, the *Patton* analysis reaffirms that the first *Ortiz* exception is unavailable to a 60-1507 movant.

Regarding the second *Ortiz* exception (defendant not furnished with counsel to perfect an appeal), the *Patton* court clarified the exception is based on the right to counsel under the Sixth Amendment to the United States Constitution and "applies only to defendants who were indigent when they desired to take a timely appeal." *Patton,* 287 Kan. at 223. The court recognized that a criminal defendant who had appointed counsel at the district court level is entitled to have appellate counsel appointed. The court explained that a criminal defendant who had retained counsel through sentencing proceedings but can no longer afford to retain counsel for his or her direct appeal must make a timely motion for appointment of appellate counsel.

Nothing in *Patton*'s discussion of the second *Ortiz* exception changed Kansas precedent holding that the Sixth Amendment right to counsel does not apply to a 60-1507 motion. See *Robertson v. State*, 288 Kan. 217, 228, 201 P.3d 691 (2009) (no constitutional right to effective assistance of counsel in a 60-1507 action); *Brown v. State*, 278 Kan. 481, 483, 101 P.3d 1201 (2004) (same); *Taylor v. State*, 251 Kan. 272, 279-80, 834 P.2d 1325 (1992) (no constitutional right to counsel in 60-1507 proceeding), *disapproved on other grounds State v. Rice*, 261 Kan. 567, 932 P.2d 981 (1997). Nor does *Patton* change the fact that under certain circumstances, postconviction petitioners are statutorily entitled to have counsel appointed to represent them. See K.S.A. 22-4506(b); Supreme Court Rule 183(m) (2010 Kan. Ct. R. Annot. 255).

As for the third *Ortiz* exception (counsel failed to perfect and complete an appeal), based on the ineffective assistance of counsel, *Patton* reiterated that a late appeal is allowed if a defendant was furnished counsel for the purpose of an appeal or has retained counsel but counsel failed to perform. See *Wilkins v. State*, 286 Kan. 971, 981, 190 P.3d 957 (2008) (Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel). The third exception does not focus on whether counsel has been assigned to a case through any particular mechanism but "on whether that lawyer performs up to a minimum *constitutional* standard once that assignment is made." (Emphasis added.) *Patton*, 287 Kan. at 223-24. If counsel has failed to file or perfect a criminal defendant's direct appeal, prejudice is presumed, but the defendant must still demonstrate that he or she would have taken a timely appeal. *Patton*, 287 Kan. at 225.

As the State argues in this case, the cited authorities and references to a constitutional dimension indicate the Sixth Amendment is the source of the third *Ortiz* exception, and the Sixth Amendment does not apply in a civil proceeding. Hence, the State makes a valid point that *Brown*'s reliance on *Ortiz* is called into question by *Patton*.

In response, Albright argues that the *Patton* court did not intend to limit the application of the third *Ortiz* exception to the Sixth Amendment right to counsel. Any legal representation of a litigant,

under either constitutional authority or statutory authority, must be effective, he argues. Therefore, if appointed counsel in 60-1507 proceedings fails to appeal the district court's denial of the 60-1507 motion, an untimely appeal should be permitted under the third *Ortiz* exception.

We agree with Albright that 60-1507 movants who have counsel are entitled to the effective assistance of that counsel, and if counsel's performance was deficient for failure to file a timely appeal, as a remedy a 60-1507 movant should be allowed to file an out-of-time appeal. We do not agree, however, that it is the third *Ortiz* exception that allows an appellate court to accept jurisdiction. We reach these conclusions through several steps of analysis.

First, *Patton* does not discuss *Brown* much less overrule it. Even after *Patton*, this court has upheld the declaration in *Brown* that effective assistance of counsel is required where a postconviction petitioner is represented by appointed counsel. *Robertson v. State*, 288 Kan. at 229 (citing *Brown* for support in holding that counsel representing defendant on motion for postconviction relief was not authorized to act as an objective assistant to the court or to argue against his client's position). In fact, we once again emphasized that "[a]ppointment of counsel in a K.S.A. 60-1507 proceeding should not be a useless formality." *Robertson*, 288 Kan. at 228. Indeed, today, we reaffirm this conclusion.

Second, even though the doctrinal basis for the third *Ortiz* exception is the Sixth Amendment right to counsel, a right that does not attach in Albright's civil case, the rationale in *Brown* accounted for this doctrinal distinction but concluded that, regardless of the source of the right, a right to counsel, to be meaningful, necessarily includes the right to effective assistance of counsel. Hence, *Patton*'s implicit conclusion that *Ortiz* was not available to someone in Brown's (or Albright's) situation does not mean the right to effective assistance of 60-1507 counsel has been eviscerated.

Third, albeit before the decision in *Patton*, we extended the *Brown* rationale by applying it to other statutory procedures, specifically, to the petition for review process. See, *e.g., Kargus v. State*, 284 Kan. 908, Syl. ¶ 1, 169 P.3d 307 (2007) ("A defendant who has been convicted of a felony and has appealed directly from

that conviction has a statutory right to effective assistance of counsel when filing a petition for review in the direct appeal."); *Swenson v. State*, 284 Kan. 931, Syl. ¶ 1, 169 P.3d 298 (2007) ("Appellate counsel's filing of a petition for review 31 days after a Court of Appeals' decision falls below an objective standard of reasonableness and effectively denies a defendant a statutory right to counsel. As a remedy, appellate counsel is allowed to file a petition for review out of time."). *Patton* discussed *Kargus*, noting the *Kargus* decision "exposed the possibility of analytical tension and confusing overlap among *Ortiz*" and decisions regarding the test for determining whether counsel had been ineffective. *Patton*, 287 Kan. at 216. Then, in discussing the third *Ortiz* exception, the *Patton* court adopted the view we had taken in *Kargus* regarding the test to be employed to determine whether a court would apply an exception to the rule that an appeal (or, in Kargus' circumstance, a petition for review) must be timely filed.

## Kargus

In *Kargus*, we dealt with a situation similar to this case in that there is no constitutional right to counsel for the purpose of filing a petition for review of an unfavorable Court of Appeals' decision, just as there is no constitutional right to counsel for a postconviction 60-1507 proceeding. *Kargus*, 284 Kan. at 911-12; see, *e.g.*, *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S. Ct. 1300, 71 L. Ed. 2d 475 (1982) (no Sixth Amendment right to counsel in discretionary appeals); *Foy v. State*, 17 Kan. App. 2d 775, 844 P.2d 744, *rev. denied* 252 Kan. 1091 (1993) (no constitutional right to counsel in petition for review process allowed by K.S.A. 20-3018[b] seeking this court's discretionary review of an unfavorable decision by the Court of Appeals). Nevertheless, in *Kargus* we extended *Brown* and recognized there is a right to effective assistance of counsel, even where the right to counsel is based on a statute, not the Constitution. *Kargus*, 284 Kan. at 916 (statutory "right to counsel in the direct appeal of a felony conviction extends to all levels of the state appellate process, including the filing of the petition for review" and that right "includes the right to effective assistance of counsel").

That right to effective assistance of counsel did not mean, however, that the *Ortiz* exceptions applied. In fact, we found that the third *Ortiz* exception did not apply because the doctrinal basis for it was both constitutionally and statutorily distinct from Kargus' situation in which appointed counsel failed to seek this court's discretionary review of the Court of Appeals' decision. Nevertheless, we concluded it was appropriate to apply the same test the United States Supreme Court had applied in a Sixth Amendment setting to determine if appointed counsel had represented his or her client effectively. *Kargus*, 284 Kan. at 928. This test was stated in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

In *Flores-Ortega*, the United States Supreme Court was faced with an ineffective assistance of counsel claim arising after appointed counsel failed to file a direct criminal appeal. The Court concluded that the traditional two-prong test used to determine the merits of an ineffective assistance of counsel claim, which are stated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984), applied in a situation where counsel's performance resulted in the forfeiture of a proceeding. Under the *Strickland* test, it must be established that counsel's conduct (1) fell below an objective standard of reasonableness and (2) resulted in prejudice to the defendant. *Strickland*, 466 U.S. at 687; see *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting the *Strickland* standard).

But the *Flores-Ortega* Court also determined that the *Strickland* test had to be applied in a somewhat different way when a procedure had been forfeited. Addressing the first prong, the Court explained:

"We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See *Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S. Ct. 961, 143 L. Ed. 2d 18 (1999) ('[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit'). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure

to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. At the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently. [Citation omitted.]" *Flores-Ortega*, 528 U.S. at 477.

Hence, the Court concluded that when counsel failed to file an appeal, the inquiry of whether counsel's conduct fell below an objective standard did not need to focus on whether the appeal had been filed but on whether counsel discussed the right to appeal with his or her client and whether the client requested an appeal.

Likewise, the second prong of the *Strickland* test—determining whether the defendant was prejudiced—required some adjustment. The *Flores-Ortega* court explained that courts applying *Strickland*

" 'normally apply a "strong presumption of reliability" to judicial proceedings and require a defendant to overcome that presumption,' [citations omitted], by 'show[ing] how specific errors of counsel undermined the reliability of the finding of guilt.' [Citation omitted.] Thus, in cases involving mere 'attorney error,' we require the defendant to demonstrate that the errors 'actually had an adverse effect on the defense.' [Citations omitted.]" *Flores-Ortega*, 528 U.S. at 482.

This presumption and the requisite showing of a different outcome could not be applied, the *Flores-Ortrga* court concluded, when counsel failed to file an appeal. The Court explained:

"Today's case is unusual in that counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself. According to respondent, counsel's deficient performance deprived him of a notice of appeal and, hence, an appeal altogether. Assuming those allegations are true, counsel's deficient performance has deprived respondent of more than a *fair* judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether. . . . [T]he complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because 'the adversary process itself' has been rendered 'presumptively unreliable.' [Citation omitted.] The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, we cannot accord any ' "presumption of reliability," ' " [citation omitted], to judicial proceedings that never took place." *Flores-Ortega*, 528 U.S. at 483.

As a result, the Court reasoned, a presumption of prejudice should be applied to situations where a defendant "demonstrate[s] that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

In *Kargus*, we adapted the *Flores-Ortega* standard to the situation where appointed counsel failed to file a petition for review. *Kargus*, 284 Kan. at 928. The *Flores-Ortega* approach was adopted, without need for adaptation, in *Patton* as the standard for applying the third *Ortiz* exception. *Patton*, 287 Kan. at 224-25.

Hence, although the *Patton* analysis was premised on a Sixth Amendment right to counsel and *Kargus* on a statutory right to counsel, both recognized that, if the law grants a right to counsel, then effective assistance of counsel must be provided. As *Brown* concluded, no reason exists to carve out a weaker right to counsel in a 60-1507 action, which, as interpreted in Supreme Court Rule 183, may include the right to appellate counsel in certain circumstances. Rather, if a district court appoints counsel to represent a 60-1507 movant after finding the motion presents substantial questions of law or triable issues of fact and the movant is indigent, the movant has a right to receive effective assistance of counsel. *Brown*, 278 Kan. at 483-84.

Further, as analyzed in *Patton* and *Kargus*, regardless of whether that right is based on the constitution, statute, or both, if it is alleged that appointed counsel's deficiencies resulted in the loss of the ability to pursue a procedure, the *Flores-Ortega* standard is to be applied. Under that standard, as modified for a 60-1507 proceeding: (1) If the movant requested that an appeal be filed and it was either not filed at all or was not timely filed, appointed counsel was ineffective and the untimely appeal should be allowed; (2) a movant who explicitly told his or her appointed counsel not to file an appeal cannot later complain that, by following instructions, counsel performed deficiently; or (3) in other situations, such as where appointed counsel has not consulted with the movant or the movant's directions are unclear, the movant must demonstrate a reasonable probability that, but for appointed counsel's deficient failure to either consult with the movant or act on the movant's

wishes, an appeal would have been filed. The movant need not show that a different result would have been achieved but for appointed counsel's performance.

Applying a similar test in *Kargus*, we remanded to the district court for a determination of which of these circumstances applied and whether an out-of-time filing of a petition for review would be an available remedy. Here, a remand to the district court is not necessary because, recognizing the potential that the reasoning of *Kargus* might apply, the State, in its appellate brief, indicated its "willing[ness] to stipulate for the purposes of this appeal that (a) Albright was furnished an attorney for the purpose of an appeal, (b) the attorney failed to perform, and (c) but for counsel's failure, Albright would have taken a timely appeal." Given this stipulation, we can conclude Albright's appointed counsel performed deficiently in failing to file a 60-1507 appeal. As in *Kargus*, we recognize that the remedy for appointed counsel's deficient performance is to accept subject matter jurisdiction of Albright's appeal.

Consequently, we reverse the Court of Appeals' order denying jurisdiction and remand to the Court of Appeals for consideration of the merits of Albright's appeal of the district court's denial of his K.S.A. 60-1507 motion.

Reversed and remanded with directions to the Court of Appeals.

BUSER, J., assigned.