NOT DESIGNATED FOR PUBLICATION

No. 118,949

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL VANDERPOOL SR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed September 13, 2019. Remanded with directions.

*Rebecca A. Hamilton*, of Kansas City, Missouri, for appellant.

*David Greenwald*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., GREEN and MALONE, JJ.

PER CURIAM: Michael Vanderpool Sr. appeals from the denial of his K.S.A. 60-1507 motion, alleging ineffective assistance of trial counsel. He argues that the trial court erred by denying his motion because his trial counsel's performance fell below an objective standard of reasonableness. Nevertheless, a review of the record on appeal establishes that this court does not have jurisdiction over the merits of Vanderpool's arguments. Because the record on appeal also shows that Vanderpool's appointed attorney—Rebecca Hamilton—potentially provided ineffective assistance of counsel by

1

not perfecting a timely appeal, however, we remand to the trial court for a hearing under *Albright v. State*, 292 Kan. 193, Syl. ¶ 5, 251 P.3d 52 (2011).

A jury convicted Vanderpool of four counts of rape and eight counts of aggravated criminal sodomy. The trial court sentenced Vanderpool to a controlling sentence of 326 months' imprisonment followed by 36 months' postrelease supervision. Vanderpool appealed his convictions and sentences to this court. But this court affirmed. *State v. Vanderpool*, No. 100,552, 2009 WL 3737333 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1104 (2010).

On June 23, 2011, Vanderpool moved for relief under K.S.A. 60-1507, arguing that his trial counsel was ineffective. Eventually, the trial court appointed Rebecca Hamilton to represent Vanderpool on his K.S.A. 60-1507 motion.

The trial court held an evidentiary hearing on Vanderpool's motion on October 23 and 24, 2014. Then, on January 27, 2015, the trial court denied Vanderpool's K.S.A. 60-1507 motion in a written journal entry.

Although the trial court sent the journal entry to an address allegedly belonging to Hamilton, nothing indicates that the court mailed the journal entry to Vanderpool directly. On June 30, 2015, 154 days after the trial court denied Vanderpool's K.S.A. 60-1507 motion, Vanderpool moved the trial court for more specific factual findings under K.S.A. 60-252(b). In this motion, Hamilton made the following statement regarding the timing of Vanderpool's K.S.A. 60-1507 motion:

> "The Court issued its ruling on January 27, 2015, but neither counsel [n]or petitioner were aware of the ruling until March 27, two months later. Although a copy was mailed to counsel's office, no copy was ever received. Because the ruling was received exactly sixty days after it was issued, the ability to appeal the ruling was in

serious jeopardy. It would come as no surprise to anyone that Mr. Vanderpool and his counsel would want to appeal any adverse rulings by the district court, as both had been diligently and vigorously pursuing his right to a full and fair hearing on these issues."

In her statement, Hamilton expressly conceded that no notice of appeal was filed within 30 days as required by K.S.A. 2015 Supp. 60-2103(a). Moreover, on July 10, 2015, the State responded that the trial court should deny Vanderpool's K.S.A. 2015 Supp. 60-252(b) motion because he filed it outside the statute's 28-day time limit.

On September 2, 2015, the trial court summarily denied Vanderpool's motion in a written journal entry. The trial court explained that after reviewing all the transcripts and filings of Vanderpool's case, it "did thoroughly outline the findings and holdings" in its January 27, 2015 journal entry.

Vanderpool appealed to this court on September 29, 2015. After filing the appeal, the trial court ordered that Hamilton remain Vanderpool's appointed attorney on appeal.

On March 14, 2018, this court ordered the parties to show cause why jurisdiction existed over Vanderpool's appeal. This court noted that "the Appellant's motion to amend or make additional findings of fact was not filed within the time limited by K.S.A. 2017 Supp. 60-252, and the notice of appeal was not filed within 30 days from the entry of judgment as required by K.S.A. 2017 Supp. 60-2103(a)."

Hamilton now responded that on March 27, 2015, she called the trial judge about the Vanderpool case, "ask[ing] if [he] had made a decision." Hamilton alleged that it was at this point that she learned that the judge had already ruled against Vanderpool. According to Hamilton, "[u]nfortunately, the journal entry was never received, and apparently the copy Judge Lampson mailed was not returned to him as undelivered. What happened to the copy of the journal entry remains a mystery." Hamilton further asserted

3

that she "raised the issues of the delay in receiving the journal entry in the subsequent motion for findings of fact, and Judge Lampson accepted this explanation for delay, allowed the motion to proceed, and filed the final journal entry denying the motion for specific findings of fact on September 2, 2015."

After providing her explanation why she could not timely file an appeal on behalf of Vanderpool, Hamilton explained that she "could not find a Kansas case on point" that would allow Vanderpool to appeal because she untimely filed his K.S.A. 60-252(b) motion. Even so, she argued that this court should consider Vanderpool's case "in the interest of justice."

This court "noted" Hamilton's response and then "retained" Vanderpool's appeal.

*Does This Court Have Jurisdiction?*

Whether jurisdiction exists is a question of law over which an appellate court has unlimited review. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). Moreover, appellate courts have a duty to question jurisdiction when the record on appeal discloses a lack of jurisdiction. *Wiechman v. Huddleston*, 304 Kan. 80, 84-85, 370 P.3d 1194 (2016). Thus, the State's failure to challenge jurisdiction on appeal does not bar our consideration of a potential jurisdictional problem.

Regarding the right to appeal, our Supreme Court has explained:

> "The right to appeal in a civil case is entirely statutory and not a right guaranteed by the United States Constitution or the Kansas Constitution. Kansas appellate courts have jurisdiction to entertain an appeal in a civil case *only if that appeal is taken within the time limitations and in the manner prescribed by the applicable statutes*." (Emphasis added.) *Wiechman*, 304 Kan. 80, Syl. ¶ 1.

4

Accordingly, "[t]he filing of a timely notice of appeal is jurisdictional. Generally, the failure to file a timely notice of appeal requires dismissal of the appeal." *Albright*, 292 Kan. at 197.

K.S.A. 2018 Supp. 60-2103(a) provides that persons filing civil appeals must do so within "30 days from the entry of the judgment." K.S.A. 2018 Supp. 60-2103(a) further provides that the "running of the time for appeal is terminated by a timely motion made . . . under K.S.A. 60-252(b), and amendments thereto." Meanwhile, K.S.A. 2018 Supp. 60-252(b) states that parties moving for an amendment of findings or additional findings must do so within 28 days of the trial court's entry of judgment.

In this case, it is readily apparent that Vanderpool did not comply with K.S.A. 2018 Supp. 60-2103(a)'s time requirements. The trial court denied Vanderpool's K.S.A. 60-1507 motion on January 27, 2015. Although Hamilton filed a motion for additional findings under K.S.A. 60-252(b), she did so 154 days after the trial court had denied Vanderpool's K.S.A. 60-1507 motion. In turn, Vanderpool's K.S.A. 60-252(b) motion was untimely, which never stopped the time to appeal the denial of his K.S.A. 60-1507 motion. Thus, when Vanderpool finally filed his notice of appeal on September 29, 2015, 245 days had elapsed since the trial court had denied his K.S.A. 60-1507 motion on January 27, 2015. Clearly, 245 days is well beyond the K.S.A. 2018 Supp. 60-2103(a)'s 30-day time requirement. As a result, the record on appeal shows that this court lacks jurisdiction over Vanderpool's appeal.

We note that when this court retained this case after issuing the show cause order, we did not have the record on appeal. Yet, our review of the record on appeal does not support Hamilton's contentions. In fact, nothing in the record on appeal supports Hamilton's allegation that she had a conversation with the trial judge on March 27, 2015, about never receiving a journal entry by mail. Moreover, there is nothing in the record on appeal showing that the trial judge ever accepted those allegations. Further, in its

response to Vanderpool's K.S.A. 60-252(b) motion, the State continued to argue that Vanderpool's K.S.A. 60-252(b) motion was untimely. To us, this indicates that the State had no knowledge of the trial judge's alleged acceptance of Hamilton's reason for the untimely filing of the K.S.A. 60-252(b) motion.

We draw guidance from our Supreme Court's decision in *Albright*, which dealt with an untimely notice of appeal of William D. Albright following the denial of his K.S.A. 60-1507 motion. Indeed, for this court to have jurisdiction over Vanderpool's untimely K.S.A. 60-1507 appeal, the trial court must make a finding that Hamilton provided ineffective assistance of counsel by not perfecting a timely appeal. In *Albright*, our Supreme Court explained that "60-1507 movants who have counsel are entitled to the effective assistance of that counsel, and if counsel's performance was deficient for failure to file a timely appeal, as a remedy a 60-1507 movant should be allowed to file an out-of-time appeal." 292 Kan. at 207. In other words, the *Albright* court held that if a K.S.A. 60-1507 movant could establish that counsel was deficient by failing to file a timely notice of appeal, "the remedy for appointed counsel's deficient performance [was for the appellate court] to accept subject matter jurisdiction of [movant's] appeal." 292 Kan. at 212. Thus, for this court to have jurisdiction over Vanderpool's untimely K.S.A. 60-1507 appeal, the trial court would have to make a factual finding and a legal conclusion that Hamilton provided ineffective assistance of counsel by not perfecting a timely appeal.

The *Albright* court created the following test to determine if a K.S.A. 60-1507 movant received ineffective assistance of counsel from his or her attorney in failing to timely file a notice of appeal, thus, justifying an appellate court to accept an untimely notice of appeal:

> "The rules for determining if a K.S.A. 60-1507 movant received ineffective assistance of counsel when appointed counsel failed to file a timely appeal are: (1) If the movant requested that an appeal be filed and it was either not filed at all or not timely

6

filed, appointed counsel was ineffective; (2) a movant who explicitly told his or her appointed counsel not to file an appeal cannot later complain that, by following instructions, counsel performed deficiently; or (3) in other situations, such as where appointed counsel has not consulted with the movant or the movant's directions are unclear, the movant must demonstrate a reasonable probability that, but for appointed counsel's deficient failure to either consult with the movant or act on the movant's wishes, an appeal would have been filed. The movant need not show that a different result would have been achieved but for counsel's performance. If the movant establishes that counsel's performance was deficient as tested in the first or third prong of this test, the movant will be allowed to file an appeal out of time." 292 Kan. 193, Syl. ¶ 5.

Based on the record before us, we believe that we could acquire jurisdiction over Vanderpool's appeal if his case falls under an *Albright* exception to the timely appeal requirement. As a result, we remand to the trial court for a hearing in compliance with the *Albright* test. We ask the trial court to hold a hearing and enter its findings of facts and conclusions of law as soon as possible given the court's schedule. We direct the trial court to appoint counsel for Vanderpool for the *Albright* hearing. Upon the trial court's ruling, we ask Vanderpool's appellate counsel, Gerald E. Wells, to file a copy of any request for transcript or a statement that no transcript will be requested and to file file-stamped, certified copies of the journal entry of the *Albright* hearing with the Clerk of the Appellate Courts.

Both Vanderpool's appellate counsel and the State shall have 20 days from the date the trial court's journal entry on remand is filed to file supplemental briefs on this specific issue. The supplemental brief shall be limited to 15 pages each. Requests for additional briefing will not be granted and extensions of time to file supplemental briefing will not be allowed. We also direct Vanderpool's appellate counsel to file status reports with the Clerk of the Appellate Courts on this remanded case every 30 days, beginning 30 days after the date this opinion is filed.

7

This case is remanded to the trial court with directions as provided in this opinion. The Court of Appeals retains appellate jurisdiction.