NOT DESIGNATED FOR PUBLICATION

No. 124,416

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ADRIAN M. HALL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed February 6, 2026. Appeal dismissed.

*Mark Sevart*, of Derby, for appellant.

*Chelsea Anderson*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE and GARDNER, JJ.

PER CURIAM: When an inmate is attempting to litigate an untimely notice of appeal, the inmate must participate in the proceedings; otherwise, there is no evidence for the district court to consider. Adrian M. Hall filed a pro se K.S.A. 60-1507 motion primarily claiming ineffective assistance of counsel. The district court summarily denied Hall's motion, and Hall untimely appealed. Hall claimed his appeal was untimely because he was unaware of the district court's ruling and was unable to contact his counsel. After another panel of our court issued a show cause order to determine whether we had jurisdiction, our Chief Judge remanded to the district court to hold a hearing under

1

*Albright v. State*, 292 Kan. 193, 251 P.3d 52 (2011), to determine whether an exception applied to allow Hall's untimely notice of appeal. At the hearing, Hall, who was deemed competent to stand trial at the time, refused to speak and failed to establish his counsel was ineffective and his untimely appeal should be accepted. After a thorough review of the record, we find we have no jurisdiction and dismiss Hall's appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In 2015, the State charged Hall with one count of attempted first-degree premeditated murder, three counts of aggravated battery, one count of criminal threat, two counts of aggravated assault, and two counts of criminal discharge of a firearm. Both defense counsel and the State requested Hall undergo a competency evaluation and treatment as he refused to eat or drink while in custody and stopped speaking. The district court granted the parties' motions and, after spending time at Larned State Hospital (Larned), Hall was initially found to be incompetent to stand trial. With further evaluation and treatment, the district court held another competency hearing and, after reviewing reports from Larned, found Hall competent to stand trial and resumed proceedings. Defense counsel noted that Hall communicated through writing but would not communicate orally.

Hall, based on plea negotiations, pled no contest to all nine counts. In exchange for his pleas, the State recommended, among other things, the low number in the presumptive guidelines grid box and the sentences run concurrent for a total prison term of 147 months. See K.S.A. 2014 Supp. 21-6804(a). The district court declined to follow the sentence recommended under the plea agreement and sentenced Hall to a total prison term of 226 months.

Hall filed a pro se postsentence motion to withdraw plea claiming, in part, he was unaware of what was going on at the plea hearing because he was under the influence of

mind-altering medications. After conducting a hearing on the matter, the district court denied Hall's motion to withdraw plea, and Hall appealed. Another panel of our court affirmed the district court's findings. *State v. Hall*, No. 118,915, 2019 WL 1302930, at *1 (Kan. App. 2019) (unpublished opinion). The panel reviewed the record on appeal and explained: "Although Hall refused to speak verbally to his attorney, he was given sound legal advice and was able to consider his plea options before entering the plea. Moreover, the record does not support Hall's claim that he was under the influence of psychotropic medications when he entered his plea." 2019 WL 1302930, at *6. Our Supreme Court denied Hall's petition for review, and the mandate was issued in December 2019.

In January 2020, Hall filed a timely pro se K.S.A. 60-1507 motion and memorandum in support. Hall claimed ineffective assistance of pretrial counsel (plea counsel), ineffective assistance of posttrial counsel (postsentence plea withdrawal counsel), violation of his due process rights as he was never provided a factual basis for his no-contest plea, and actual innocence. Specifically, Hall contended pretrial counsel should have asked for an independent psychological evaluation rather than one conducted by a state agency as he could not distinguish reality from delusion due to mental illness. Hall suggested pretrial counsel was ineffective as she knew of Hall's mental status and he could not knowingly, willingly, and intelligently enter a plea. Hall also claimed his pretrial counsel should have stopped proceedings from moving forward even after he was found competent to stand trial and proceedings resumed. Additionally, Hall claimed he told his pretrial counsel he was innocent and provided names of alibi witnesses, but counsel made insufficient efforts to investigate.

Hall claimed ineffective assistance of posttrial counsel for failure to have Hall evaluated despite evidence of a mental disorder. Hall asserted that posttrial counsel had a duty to amend Hall's pro se motion to withdraw plea to include "anything that made his plea unconstitutional" and claim ineffective assistance of pretrial counsel for failure to investigate. Hall maintained he was innocent and asked the district court to reverse his

3

convictions, appoint competent counsel, and schedule a trial. The State responded and asked the district court to summarily deny Hall's pro se K.S.A. 60-1507 motion as the motions, files, and records conclusively showed Hall was not entitled to relief.

In June 2021, the district court appointed Hall new counsel and held a preliminary hearing on the pro se K.S.A. 60-1507 motion. Hall was not present at the hearing, but his counsel asked the district court to hold an evidentiary hearing on the four issues Hall raised in his motion. The district court inquired as to why the claim of ineffective assistance of pretrial counsel and the claim there was an insufficient factual basis for the district court to accept his plea should be heard again when a panel of this court already addressed those issues. See *Hall*, 2019 WL 1302930, at *3-5. Habeas counsel "concede[d] . . . those issues were litigated in the first motion to withdraw plea which was based upon ineffective assistance of counsel, and then was affirmed in the Court of Appeals." The district court took the matter under advisement.

On June 10, 2021, before the district court issued its findings, Hall sent a letter to the clerk of the district court asking who represented him, when his court date was, and the status of his K.S.A. 60-1507 hearing. The clerk's office informed Hall who his habeas counsel was, the date the district court held a hearing on the motion, and that the matter was under advisement. The district court summarily denied Hall's motion on June 17, 2021.

On July 23, 2021, Hall mailed another letter to the district court clerk asking how to appeal the denial of his K.S.A. 60-1507 motion on his own as habeas counsel would not write him back and he did not want to be time-barred. The district court clerk sent Hall an appellate procedure outline.

A few days later, on August 4, 2021, Hall filed a notice of appeal, a motion to file notice of appeal out of time, and a motion for appointment of appellate counsel. Hall

claimed he asked his habeas counsel to appeal the district court's summary denial of his K.S.A. 60-1507 motion but counsel failed to do so. Hall also claimed he tried to timely appeal by asking the district court for assistance of counsel; he was unable to access the law library because of his medical condition; and he was unaware of any filing deadlines. The district court granted Hall's request for appellate counsel but declined to address the motion to appeal out of time as Hall missed the statutory deadline to file and "the timeliness issue is one for the appellate courts to address."

Another panel of our court issued a show cause order as to why the appeal should not be dismissed for lack of jurisdiction because of the untimely notice of appeal. The State asked us to dismiss for lack of jurisdiction. Hall responded the district court's motion minutes sheet denying his K.S.A. 60-1507 motion did not reflect he was served with notice of the district court's summary denial, and he was unable to successfully contact his attorney. Hall's appellate counsel explained, based on the record, it was unknown if Hall knew when the motion was denied and claimed Hall's appeal was timely under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). In the alternative, appellate counsel asked us to remand to the district court for an *Ortiz* hearing.

Our Chief Judge noted the parties' responses and remanded to the district court to determine "whether case law exceptions to the requirement of a timely filed notice of appeal apply" under *Albright*. We retained jurisdiction and explained: "If Appellant pursues an appeal after an adverse decision from the remand, the only appealable issue is whether the district court erred in determining that the *Albright* exceptions did not apply." Hall's appellate counsel entered a limited appearance in the district court.

In April 2022, Hall's *Albright* counsel moved for, and the district court granted, an evaluation to determine Hall's competency. In July 2022, the district court again found Hall was incompetent and issued an order for a competency evaluation and treatment at Larned. Pending transfer to Larned, Hall remained in custody waiting on a bed to open.

5

In January 2024, the district court reviewed Hall's mental health evaluation, found Hall incompetent, and ordered him to remain at Larned as there was a substantial probability of attaining competency in the foreseeable future. According to appellate counsel's status reports filed before us, a competency evaluation was filed with the district court in March 2024, finding Hall was again competent to stand trial.

On April 29, 2024, the district court held a hearing on the remand order for an *Albright* hearing on Hall's untimely notice of appeal of the denial of his K.S.A. 60-1507 motion. Hall appeared with counsel. The district court explained that the most recent mental health evaluation from Larned reflected Hall was competent and understood "'the nature and purpose of the proceedings against him.'" The district court noted that Larned's evaluation report indicated Hall was "engaged nonverbally with staff and peers and utilized a wheelchair due to his lack of leg strength, but it was noted that he had spoken on occasion with staff and peers and thus was considered to be selectively mute." The report also stated: "'Mr. Hall's scores indicate he did not put forth effort to provide correct answers and is likely feigning symptoms of having an impaired memory.'" *Albright* counsel told the district court that he basically had no verbal communication with Hall throughout his representation and Hall was "of no assistance whatsoever."

At the hearing, the district court found Hall was competent, resumed proceedings, and warned Hall it would dismiss the case if he failed to participate. Hall would not acknowledge the district judge. The district court allowed defense counsel time to confer with Hall, but Hall remained "with his hands in his lap, sitting stationary, . . . staring towards the floor, no movement, no recognition." The district court dismissed the remand order for an *Albright* hearing for failure to litigate.

Hall's appellate counsel filed another status report before us and suggested a notice of appeal was timely filed on May 6, 2024. In the status report, appellate counsel asserted:

6

"[T]he district court may be without authority to dismiss Mr. Hall's entire [K.S.A.] 60-1507 action since this Court[,] in its order of November 15, 2021, retained jurisdiction and remanded with limited authority for the purposes of an *Albright* hearing and decision as to whether or not any [*Albright*] factors existed that would excuse an untimely filing of the notice of appeal; or to appoint other counsel in the matter."

Appellate counsel also claimed that the district court, without specifically stating no *Albright* factors existed, essentially made such a finding because Hall refused to participate in the proceedings. Appellate counsel was unsure whether Hall even wanted to proceed with an appeal as the only response counsel had ever received from Hall during representation was in August 2021. Appellate counsel filed three more status reports between July and September 2024, all explaining he had received no response from Hall about proceeding with an appeal. In fact, appellate counsel's written communications were nearly all returned with a "Refused by Inmate" designation. Appellate counsel indicated that Hall appeared determined to remain "'selectively [mute.]'"

Appellate counsel eventually withdrew from the case because of Hall's failure to communicate. Hall was appointed new appellate counsel.

ANALYSIS

Hall contends the district court erred in dismissing his case and should have allowed his untimely notice of appeal under *Albright*. Hall argues he was never informed of the district court's denial of his K.S.A. 60-1507 motion and his original appellate counsel failed to file a notice of appeal on his behalf despite his request. The State responds: "[Hall's] pre-remand filings may have been adequate to secure a remand, but they were insufficient to establish an *Albright* exception, securing relief."

K.S.A. 60-1507 motions are deemed civil proceedings and therefore governed by the rules of civil procedure. Supreme Court Rule 183(a)(2) (2025 Kan. S. Ct. R. at 236).

K.S.A. 2024 Supp. 60-2103(a)—the statute governing civil appeals—requires a party to file a notice of appeal within 30 days from the district court's entry of judgment. It is undisputed Hall's notice of appeal was filed more than 30 days after the district court summarily denied Hall's K.S.A. 60-1507 motion.

"The filing of a timely notice of appeal is jurisdictional. Generally, the failure to file a timely notice of appeal requires dismissal of the appeal." *Albright*, 292 Kan. at 197. But there are limited exceptions to this jurisdictional requirement. Whether an exception applies and whether we have subject matter jurisdiction are questions of law subject to unlimited review and may be raised at any time. 292 Kan. at 197. We review the district court's factual findings in an *Albright* hearing for substantial competent evidence and review the court's ultimate legal determination de novo. See *Rivera v. State*, No. 119,577, 2020 WL 741628, at *4 (Kan. App. 2020) (unpublished opinion) (quoting *State v. Harris*, 310 Kan. 1026, 1045, 453 P.3d 1172 [2019]).

The State correctly points out that we are "without any findings or determinations to review to allow [us] to make such determinations because the district court was unable to conduct a meaningful *Albright* hearing due to [Hall's] refusal to participate." The State claims there is no appealable issue as our remand order limited an appeal of the *Albright* hearing to "whether the district court erred in 'determining that the *Albright* exceptions did not apply.'"

We use the following test to determine whether a K.S.A. 60-1507 movant received ineffective assistance of counsel when appointed counsel failed to file a timely appeal:

> "(1) If the movant requested that an appeal be filed and it was either not filed at all or was not timely filed, appointed counsel was ineffective and the untimely appeal should be allowed; (2) a movant who explicitly told his or her appointed counsel not to file an appeal cannot later complain that, by following instructions, counsel performed

8

deficiently; or (3) in other situations, such as where appointed counsel has not consulted with the movant or the movant's directions are unclear, the movant must demonstrate a reasonable probability that, but for appointed counsel's deficient failure to either consult with the movant or act on the movant's wishes, an appeal would have been filed. The movant need not show that a different result would have been achieved but for appointed counsel's performance." *Albright*, 292 Kan. at 211-12.

The burden is on Hall to establish counsel was ineffective and establish he should have been allowed to file an appeal out of time. See *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Chamberlain v. State*, 236 Kan. 650, 657, 694 P.2d 468 (1985) (adopting *Strickland*).

Hall appears to rely on the first and third *Albright* exceptions that he requested an appeal be filed and his counsel failed to do so. Hall also emphasizes that "he had been off docket for [in]competency for several months before [the *Albright*] hearing." To establish his claim, Hall relies on facts that were known before we remanded the case to the district court for an *Albright* hearing.

Hall was charged in 2015 and, over the past 10 years, was twice admitted to Larned to undergo competency evaluations and treatments. Based on Larned's reports, the district court found Hall incompetent to stand trial after each evaluation. But after each treatment program, Hall was eventually deemed competent to proceed. During the times Hall was deemed competent to stand trial, he demonstrated the same unwillingness to cooperate with counsel or the court system. On remand, the district court tried to hold an *Albright* hearing to determine whether Hall was denied his right to effective counsel because counsel failed to file a notice of appeal on his behalf as requested.

Hall refused to talk despite the district court's warning it would dismiss the *Albright* hearing for failure to litigate if Hall failed to participate. Hall refused to acknowledge the district judge or *Albright* counsel even after the district judge gave Hall

9

time to consult with counsel before dismissing the claim. Hall subsequently refused to communicate with his original appellate counsel as well. In fact, appellate counsel eventually withdrew after months of Hall refusing to accept mail from that appellate counsel. Hall's decision not to communicate, along with Larned's report that Hall is selectively mute and feigning his symptoms, presents an unworkable situation for the district court to resolve his claims. Hall's unwillingness to communicate or participate in legal proceedings reflects he failed to meet his burden to show he should be allowed to proceed under an *Albright* exception to filing an untimely notice of appeal after his K.S.A. 60-1507 motion was denied. The district court did not err in dismissing Hall's *Albright* hearing which resulted in no evidence to support Hall's untimely appeal of the denial of his K.S.A. 60-1507 motion.

Appeal dismissed.