NOT DESIGNATED FOR PUBLICATION

No. 116,693

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL L. DUPREE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed March 23, 2018. Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and MCANANY, JJ.

PER CURIAM:  Daniel L. Dupree appeals the district court's summary denial of his K.S.A. 60-1507 motion. The district court denied the motion on multiple grounds, including the fact that it was time barred. Because we agree that Dupree's motion was not timely filed and he has failed to show manifest injustice to overcome this bar, we affirm the district court's judgment.

1

On October 15, 2012, Dupree pled guilty pursuant to *Alford v. North Carolina*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to an amended charge of second-degree intentional murder, kidnapping, aggravated burglary, aggravated robbery, aggravated assault, and two counts of aggravated endangering of a child. In the written plea agreement, Dupree agreed "to waive his right to appeal or collaterally attack the convictions." At the plea hearing, Dupree acknowledged that he was waiving certain rights by pleading guilty, and he indicated that he was pleading guilty voluntarily and without duress or coercion. Dupree also indicated that he was satisfied with the services of his attorney, and he had no complaints about the way the court had treated him.

On November 16, 2012, the district court sentenced Dupree to a controlling term of 294 months' imprisonment followed by 36 months' postrelease supervision. The record reflects that in June 2013, Dupree sent a letter to his attorney requesting a list of items he needed "to proceed with [his] motion for withdrawal of a plea." There is no other information in the record regarding a motion by Dupree to withdraw his plea.

On July 9, 2013, nearly eight months after he was sentenced, Dupree filed a pro se notice of appeal from the judgment of the district court. In this notice of appeal, Dupree claimed:  (1) ineffective assistance of counsel for failure to investigate his case; (2) that proper investigation "would have produced a different result at the plea hearing"; and (3) he was not "proved guilty beyond a reasonable doubt." The district court ultimately appointed counsel to represent Dupree in the appeal. However, on August 13, 2014, the district court dismissed Dupree's appeal, citing a failure to docket.

On July 13, 2015, Dupree filed a motion pursuant to K.S.A. 60-1507. In the motion, Dupree claimed he was entitled to relief from his convictions because he had received ineffective assistance of trial counsel, the trial court lacked jurisdiction to hear

his guilty plea because he was denied his right to a speedy trial, and his due process rights were violated because he was not present in court when his trial was continued. Dupree's motion stated that he failed to raise these issues earlier because of his "lack of knowledge of the law."

On September 29, 2015, the district court summarily denied Dupree's motion. The district court's order stated, in part:  "The issues that are raised in this petition were or should have been raised in appeal. However the petitioner has failed to do so therefore this petition is now time barred. The petition makes no showing of manifest injustice to overcome this bar." Dupree timely appealed.

ANALYSIS

On appeal, Dupree generally contends that the district court erred in summarily denying his motion under K.S.A. 60-1507. Dupree claims that his motion was not time barred because the direct appeal that was ultimately dismissed for failure to docket extended the deadline for filing a K.S.A. 60-1507 motion. He further argues that even if his motion was untimely, "the circumstances warrant an extension of the 1-year time limit to prevent a manifest injustice." Finally, Dupree goes on to substantively argue the issue that the district court lacked jurisdiction to accept his *Alford* plea because he was denied his right to a speedy trial.

The State argues that the district court did not err in summarily denying Dupree's untimely motion, and the State further argues that a review of the untimely motion is unnecessary to prevent a manifest injustice. The State does not address Dupree's substantive argument that the district court lacked jurisdiction to accept the *Alford* plea due to the alleged speedy trial violation.

3

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Our standard of review depends upon which of these options a district court utilizes. Here, the district court summarily denied Dupree's motion finding that it was untimely filed. In this instance, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales*, 300 Kan. at 881.

As a preliminary matter, we note that Dupree's written plea agreement expressly stated that he agreed to waive his right to collaterally attack his convictions. The record reflects that Dupree has never attempted to withdraw his plea. However, the district court did not dismiss Dupree's K.S.A. 60-1507 motion on the ground that he waived his right to collaterally attack his convictions, and the parties have not addressed this issue on appeal. Thus, we will turn to the district court's primary reason for dismissing Dupree's motion, which is because the motion was time barred and Dupree made no showing of manifest injustice to overcome this bar.

*Time barred*

Dupree claims that his motion was not time barred because it was filed within one year from when his direct appeal was dismissed. A defendant has one year from when a

4

conviction becomes final to file a K.S.A. 60-1507 motion, and according to Dupree, his conviction did not become final until the dismissal of his direct appeal.

K.S.A. 2017 Supp. 60-1507(f) states in part as follows:

"(1) Any action under this section must be brought within one year of:

(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or

(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice.

(A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence.

(B) If the court makes a manifest-injustice finding, it must state the factual and legal basis for such finding in writing with service to the parties.

"(3) If the court, upon its own inspection of the motions, files and records of the case, determines the time limitations under this section have been exceeded and that the dismissal of the motion would not equate with manifest injustice, the district court must dismiss the motion as untimely filed."

Here, Dupree was sentenced in district court on November 16, 2012. The deadline for filing a timely appeal expired 14 days later. See K.S.A. 2017 Supp. 22-3608(c). Although Dupree's written plea agreement expressly waived his right to appeal, he filed an untimely appeal on July 9, 2013, nearly eight months after he was sentenced. The filing of a timely notice of appeal is jurisdictional. Generally, the failure to file a timely notice of appeal requires dismissal of the appeal. *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011).

5

The district court dismissed Dupree's appeal for failure to docket. But because the notice of appeal was untimely, this court never had jurisdiction over Dupree's appeal and it did not extend the one-year deadline for Dupree to file his motion. See K.S.A. 2017 Supp. 60-1507(f)(1)(A) (action must be filed within one year of final order of last appellate court to exercise jurisdiction on direct appeal). Dupree's conviction became final 14 days after his sentencing in November 2012, and he did not file his K.S.A. 60-1507 motion until July 13, 2015. Thus, Dupree's motion was untimely on its face.

*Manifest injustice*

Next, Dupree contends that even if his motion was time barred, the circumstances of his case warrant an extension of the one-year time limit to prevent manifest injustice. In *Vontress v. State*, 299 Kan. 607, Syl. ¶ 8, 325 P.3d 1114 (2014), the court stated that in determining whether the defendant has shown a manifest injustice under the totality of the circumstances, the district court should consider (1) whether the prisoner provides persuasive reasons or circumstances that prevented him or her from filing the K.S.A. 60-1507 motion within the one-year time limitation; (2) whether the merits of the prisoner's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) whether the prisoner sets forth a colorable claim of actual innocence. However, the Kansas Legislature amended the statute to provide that a court's inquiry for purposes of finding manifest injustice is limited to determining why the prisoner failed to file a motion within the one-year time limitation and whether the prisoner makes a colorable claim of actual innocence. See K.S.A. 2017 Supp. 60-1507(f)(2)(A).

A defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitation and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). Here, Dupree's K.S.A. 60-1507 motion stated that he failed to raise his issues earlier because he lacked the knowledge to do so. He did not claim to be innocent of his crimes.

6

Dupree's appellate brief appears to assert ineffective assistance of counsel as manifest injustice for extending the deadline to file his K.S.A. 60-1507 motion. Specifically, Dupree asserts that his appointed counsel was ineffective for failing to docket the appeal in a timely manner, which caused the district court to dismiss the appeal. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the fact-finder would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

As we have previously discussed, not only was Dupree's appeal barred by the written plea agreement, but it also was untimely filed and did not act to extend the deadline for filing a K.S.A. 60-1507 motion. The fact that the appeal was later dismissed for failure to docket is of no import. Dupree has not shown that he was prejudiced by his counsel's performance, so any claim of manifest injustice based on ineffective assistance of counsel is without merit. See *Sola-Morales*, 300 Kan. at 882.

Dupree's lack of knowledge in the law does not amount to manifest injustice. See *Gholston v. State*, No. 116,114, 2017 WL 4558230, at *4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* November 13, 2017. Dupree fails to establish any valid reason for failing to file his K.S.A. 60-1507 motion in a timely manner and he makes no claim of actual innocence. As a result, Dupree fails to establish manifest injustice necessary to extend the deadline for filing his K.S.A. 60-1507 motion. The motion, files, and records of the case conclusively show that Dupree is not entitled to any relief. Thus, we conclude the district court did not err in summarily denying Dupree's K.S.A. 60-1507 motion.

Affirmed.