NOT DESIGNATED FOR PUBLICATION

Nos. 112,338
112,410

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SUNDAI FOLTZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed December 23, 2015. Appeal dismissed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., POWELL, J., and DAVID J. KING, district judge assigned.

*Per Curiam*:  Sundai Foltz pled no contest to drug charges in two separate cases. The district court sentenced her to a controlling term of 48 months in prison and advised Foltz of her right to appeal within 14 days. The district court instructed Foltz that if she wished to appeal, she "need[ed] to communicate that to [her attorney]."

Foltz filed a pro se notice of appeal, but it was out of time. After issuing an order for the parties to show cause why the appeal should not be dismissed for lack of

1

jurisdiction, we remanded the case to the district court for a hearing pursuant to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982).

At the district court's *Ortiz* hearing, Foltz testified that, after the district court announced her sentence, she told her attorney that she wanted to appeal. Foltz claimed that her attorney responded by saying "there was nothing to appeal." Foltz believed that she had 14 business days to appeal but admitted she never clarified this assumption with her attorney.

Foltz' attorney testified that Foltz only asked whether she had the right to an appeal. He responded by explaining that her case was a border-box case and Foltz' sentence was within the discretion of the district court and, therefore, he did not believe there were grounds for an appeal. He believed Foltz understood this and did not want to appeal. He testified that he would have filed an appeal if directed to do so but Foltz did not contact him after the sentencing hearing about pursuing an appeal.

The district court found that no *Ortiz* exception applied to excuse Foltz' late appeal. Foltz' attorney "was not told directly to appeal . . . and left the courtroom with the understanding that he had not been instructed to appeal."

Foltz appeals.

On appeal from an *Ortiz* hearing we apply a mixed standard of review. See *State v. Gill*, 287 Kan. 289, 293, 196 P.3d 369 (2008). First, we determine whether the district court's factual findings are supported by substantial competent evidence. Next, we review de novo whether the factual findings establish an *Ortiz* exception. *Gill*, 287 Kan. at 293.

There is no question that Foltz' notice of appeal was untimely. As stated in *Gill*, we only have jurisdiction to consider timely appeals unless one of the following *Ortiz*

2

exceptions applies: (1) the defendant was not informed of the right to appeal; (2) the defendant was not furnished an attorney to exercise the right to appeal; and (3) the defendant was furnished with an attorney who failed to perfect and complete an appeal. 287 Kan. at 294-95. On appeal, Foltz asserts that the third exception applies.

Under the third *Ortiz* exception, we presume prejudice if a criminal defendant's attorney failed to file or perfect a direct appeal as directed by the client. *Albright v. State*, 292 Kan. 193, 206, 251 P.3d 52 (2011). But a criminal defendant still has to prove that but for the attorney's failure, the defendant would have perfected a timely appeal. *State v. Patton*, 287 Kan. 200, 225, 195 P.3d 753 (2008).

Here, Foltz' attorney testified that at the sentencing hearing Foltz asked whether she could appeal but did not state that she wanted to appeal. Foltz had the opportunity and ability to contact her attorney to request an appeal, but, as she admitted at the *Ortiz* hearing, she did not do so personally or through a family member before filing her untimely pro se notice of appeal.

The district court found that Foltz' attorney's testimony was credible and determined that Foltz never directly told her attorney to appeal despite having been instructed by the sentencing court to contact her attorney if she wished to do so. We do not second-guess the trial court on the credibility of witnesses appearing at the hearing. The credibility of witnesses and the resolution of any conflicting testimony are strictly for the trial court to determine. See *State v. Johnson*, 293 Kan. 1, 4, 259 P.3d 719 (2011). We find substantial evidence to support the district court's ruling at the *Ortiz* hearing, and so we affirm the district court on that ruling. Thus, because no *Ortiz* exception applies to save Foltz' untimely appeal, we lack jurisdiction to consider the matter further.

Ruling at *Ortiz* hearing affirmed and appeal dismissed.

3