Per Curiam:
Nationstar Mortgage LLC, d/b/a Champion Mortgage Company (Champion) moved to foreclose on a reverse mortgage after the homeowners passed away. The homeowners' son, Roy Jackson, opposed the foreclosure pro se. The district court granted Champion summary judgment and permitted the sale of the house. After the house was sold, Roy filed numerous motions attempting to void the sale. On appeal, Roy presses four basic contentions. First, he argues that the district court lacked subject matter jurisdiction over this case. Second, Roy argues that the district court violated his due process rights under the Fourteenth Amendment to the United States Constitution by failing to give him proper notice of its signed orders. Third, Roy argues that the district court violated his due process rights under the Fourteenth Amendment by denying his May 2017 request to participate in a pretrial conference by telephone. Fourth, Roy argues that the district court lacked jurisdiction over the foreclosure suit because the suit was prematurely filed. Of these four issues, we find none to be meritorious. Accordingly, we affirm in part and dismiss in part.
In 2007, Harold and Lucille Jackson took out a reverse mortgage on their Larned home. The terms of the reverse mortgage provided that the lender "may require immediate payment in full of all outstanding principal and accrued interest if ... [a] [b]orrower dies and the [p]roperty is not the principal residence of at least one surviving [b]orrower." The mortgage lender identified in the mortgage note was Urban Financial Group, Inc. A rider accompanying the mortgage note stated that payments should be made to the Seattle Mortgage Company.
On the same day the mortgage was executed, Urban Financial Group "[sold], assign[ed] and transfer[red] ... all beneficial interest" under the mortgage "together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said [m]ortgage" to the Seattle Mortgage Company. This assignment was recorded in Pawnee County, Kansas, on August 1, 2007.
On November 13, 2007, the Seattle Mortgage Company assigned and transferred "all beneficial interest" under the mortgage "together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said [m]ortgage" to Mortgage Electronic Registration Systems, Inc. (MERS). This assignment was recorded in Pawnee County, Kansas, on April 21, 2008.
On November 27, 2012, MERS assigned "all its rights, title, and interest" in the mortgage to Champion Mortgage Company (Champion). This assignment was recorded in Pawnee County, Kansas, on December 3, 2012.
On February 20, 2015, Harold died. Then on April 11, 2015, Lucille died.
On August 10, 2015, Champion filed a petition in Pawnee County District Court to foreclose on the mortgage. Champion attached to its petition copies of the mortgage note and all of the above assignments. On September 4, 2015, Roy, Harold and Lucille's son, moved to remove the case to the United States District Court for the District of Kansas. The United States District Court remanded the case to Pawnee County District Court.
On November 30, 2015, Roy moved to dismiss the case for failure to state a claim upon which relief can be granted; Roy alleged that Champion did not own the mortgage note. On January 11, 2016, Roy filed another memorandum in support of his motion to dismiss; this time he argued that Champion lacked standing to foreclose on the mortgage.
On March 4, 2016, the Pawnee County District Court denied Roy's motion to dismiss. The Pawnee County District Court found that "[i]t is uncontroverted in this case that [Champion] holds the original note signed by Defendants ... and endorsed in blank. The record further reflects that [Champion] is the assignee of record of the mortgage." Thus, the court held that Champion, "as the holder of the promissory note, has standing to bring this foreclosure action."
On March 11, 2016, Roy answered the petition. He generally denied Champion's claims and raised 10 affirmative defenses. Roy alleged that Champion failed to establish any agency relationship between MERS and "any lender in the chain of ownership & assignments." He alleged that "MERS is not mentioned in [a]ny loan documents as any lenders [sic ] agent." He further alleged that Champion failed to establish that MERS had the authority to assign the mortgage to Champion.
On April 10, 2017, Roy filed a "First Amended Answer & Counterclaim." Champion moved to strike the amended answer and counterclaim, arguing that the new filing was impermissible as it was more than 21 days after Roy filed his original answer, that Champion did not consent to the amendment, and that the court had not granted Roy leave to file an amended answer. Champion also moved for sanctions against Roy. The motions were set for hearing on May 10, 2017. Roy moved for permission to attend the May 10, 2017 conference via telephone. The Pawnee County District Court denied Roy's motion to attend the hearing by phone.
On May 15, 2017, the Pawnee County District Court issued an order striking Roy's amended answer, dismissing his counterclaim, and denying his motions for a more definite statement. Also on May 15, 2017, the Pawnee County District Court granted Champion's motion for sanctions against Roy. The court awarded Champion its attorney fees accrued defending against Roy's amended answer and counterclaim and later related filings. The court also ordered that Roy was "required to obtain leave of Court prior to filing any new Motions going forward in this litigation."
On July 27, 2017, Champion moved for summary judgment. Champion alleged that Champion or its agent was "in possession of the [n]ote" and was the "assignee of record of the [m]ortgage." Champion argued that because it had established it held a beneficial interest in the mortgage note and the mortgage and the borrowers defaulted, it was entitled to summary judgment. Champion included as exhibits copies of the mortgage note and the assignments; it also included an affidavit from the assistant vice president of Champion stating that Champion possessed the mortgage note "at the time of filing this action and at all times thereafter" and that the assistant vice president was "aware of the physical location of the original [n]ote." Roy did not respond to the motion.
On September 28, 2017, the Pawnee County District Court granted Champion's motion for summary judgment. The court ordered a sheriff's sale of the home to satisfy the mortgage. The house sold for $18,000 at a sheriff's sale on November 30, 2017. On December 1, 2017, Champion moved to confirm the sheriff's sale. The Pawnee County District Court approved the sale on December 5, 2017. On December 20, 2017, Champion moved to extinguish Roy's redemption rights and authorize execution of an immediate sheriff's deed to the property.
On January 24, 2018, Roy moved to recuse Pawnee County District Court Judge Bruce Gatterman from the case. Roy alleged that Judge Gatterman displayed " 'bias, partiality, favoritism, unfairness, and injustice,' " in his handling of the foreclosure suit. That same day, Roy also filed a "Motion for Relief from Void Judgment." On January 29, 2018, Roy moved to stay the foreclosure proceedings.
The Chief Judge of the 20th Judicial District, which includes Pawnee County, reviewed Roy's motion to recuse Judge Gatterman. In an order issued February 8, 2018, the Chief Judge found no grounds for Judge Gatterman to be recused and denied Roy's motion. On March 7, 2018, Roy timely filed a notice of appeal regarding the February 8, 2018 order denying his motion to recuse Judge Gatterman.
On April 25, 2018, Roy filed a "14th Amendment Request to Disqualify" Judge Gatterman, wherein he "respectfully demand[ed] the disqualification" of Judge Gatterman from any further involvement in the case.
On April 30, 2018, the Pawnee County District Court denied Roy's motion to stay the proceedings and his motion to disqualify Judge Gatterman. Also on April 30, 2018, the Pawnee County District Court granted Champion's motion to extinguish Roy's redemption rights and struck Roy's motion for relief from a void judgment.
On May 7, 2018, Roy filed a "Notice of Objection Pursuant to Rule 170." Roy objected to the following:
"1) 'ORDER' denying Defendant Roy L. Roy's Motions; (filed 4-30-18);
"2) 'ORDER' granting Plaintiffs Motions to extinguish redemption rights, strike Defendant's Motion for relief from VOID JUDGMENT, (filed 4-30-18);
"3) 'ORDER' (filed 5-5-17) (on Rule 145 Motion to attend conference by phone);
"4) 'ORDER' striking amended answer, dismissing counterclaim & denying Motion more Definite statement, as amended, (filed 5-15-17);
"5) 'ORDER' awarding sanctions, (filed 5-15-17);
"6) 'ORDER' Case management, (filed 5-15-17)."
Also on May 7, 2018, Roy filed a "Motion for Issuance of Rule 165 Findings of Fact and Conclusions of Law." Roy moved the court to issue findings of fact and conclusions of law for each of the orders referenced in his objection. On June 13, 2018, Champion moved to strike these motions. Champion noted that Roy did not obtain leave of court to file these motions, despite being required to by the May 15, 2017 Order Awarding Sanctions.
On June 28, 2018, the Pawnee County District Court held a telephone hearing on Roy's motions and Champion's motion to strike. On August 31, 2018, Roy moved to "strike and or vacate" the June 28, 2018 hearing, arguing that the phone hearing violated his rights under the Americans with Disabilities Act (ADA) because he has a hearing disability. Champion opposed the motion, arguing that Roy had never previously mentioned this disability and, in fact, requested multiple times to appear by phone at hearings.
On October 2, 2018, the Pawnee County District Court issued an order denying Roy's motions for Supreme Court Rule 165 (2019 Kan. S. Ct. R. 221) findings of fact and conclusions of law and striking his notice of objection under Supreme Court Rule 170 (2019 Kan. S. Ct. R. 222).
On October 3, 2018, the Pawnee County District Court issued a scheduling order in which it stated it elected to treat Roy's motion to strike or vacate the hearing as a motion to reconsider. The court noted that in response to Roy's filing, it provided him with transcripts of the May 10, 2017 and April 27, 2018 hearings, which were the subject of his motions for Rule 165 findings and Rule 170 objection. Then the court stated:
"In the interests of fundamental fairness and an opportunity to be heard, the Court grants leave to both parties to submit written argument and authority in support of, or in opposition to, the two Motions filed by Jackson, which were previously heard at the hearing of June 28, 2018; specifically addressing the issue as to why these Motions were properly before the District Court on that date, and secondly, why the District Court should or should not reconsider its rulings of April 27, 2018, under K.S.A. 60-212 or K.S.A. 60-260, or other applicable law."
On October 4, 2016, Roy filed a "Notice that ADA Matter is settled." He wrote:
"The Defendant, Roy Jackson, hereby informs the Court that he believes the Court has Complied in part with his 'ADA' request for accommodations per my August 31, 2018 Notice. These two 'One-sided' hearings, and more importantly the transcripts reveal self Serving frivolous arguments of Counsel that are 'easily' refutable. For this reason, requiring Counsel for Plaintiff to file legal memorandum would be a waste of my time, as it is plainly Clear, that Counsel would have no legitimate case law that would support those 'ridiculous' Arguments made at those hearings.
"Lastly, Plaintiff's petition & exhibits, clearly did not present a 'cognizable claim' for which Any relief could have been granted. Nonetheless, Defendant would like to thank the Court for Providing transcripts of the hearings, and I consider this 'ADA' matter presently CLOSED."
Then on October 9, 2018, Roy filed a "Notice of Intent to Proceed with Appeal." He alleged that on October 6, 2018, he "received 'simultaneous' mailings from the Court, and From Plaintiffs' Counsel, that he believes is an attempt to 'encroach' upon his ADA request, And retaliation in the form of intimidation, for engaging in protected conduct." Roy wrote that he was "SATISFIED with the accommodation provided by the Court, (Two transcripts), and ... considers His ADA matter settled & closed." He went on to write: "I HAVE NOT, AND DID NOT FILE OR REQUEST A MOTION TO RECONSIDER UNDER ANY KANSAS STATUTE."
On October 26, 2018, the Pawnee County District Court issued another order. It stated that it confirmed its denial of Roy's Notice of Objection pursuant to Rule 170. The court also confirmed its denial of Roy's motion for issuance of Rule 165 findings of fact and conclusions of law; the court found that the motion was moot because it provided Roy with a free transcript of the April 27, 2018 hearing "which provides information to him of the Court's findings of fact and conclusions of law entered on that date, which are accurately reflected in the subsequent Order entered April 30, 2018."
On October 31, 2018, Roy filed another notice of appeal stating he was appealing the Pawnee County District Court's orders dated December 5, 2017, and October 2, 2018.
Did the Trial Court Lack Subject Matter Jurisdiction Over This Case?
"It is a fundamental proposition of Kansas appellate procedure that an appellate court only obtains jurisdiction over the rulings identified in the notice of appeal." Hess v. St. Francis Regional Med. Center , 254 Kan. 715, 718, 869 P.2d 598 (1994). A civil appeal must be filed within 30 days of the "entry of the judgment." K.S.A. 2018 Supp. 60-2103(a).
Roy's timely March 7, 2018 notice of appeal states only that he "appeals from the Order of February 8, 2018." Roy later filed an additional notice of appeal on October 31, 2018, appealing from orders issued on December 5, 2017, and October 2, 2018. This notice of appeal was untimely for the December 5, 2017 order, but timely for the October 2, 2018 order. Roy does not specifically identify the October 2, 2018 order in his brief. Independent review of the record shows that on October 2, 2018, the trial court denied Roy's May 7, 2018 motion "for Issuance of Rule 165 Findings of Fact and Conclusions of Law" and struck his May 7, 2018 "Notice of Objection Pursuant to Rule 170."
Accordingly, this court only has jurisdiction over issues arising from the February 8, 2018 order, and the October 2, 2018 order. Roy's issues II and III do not deal with either of these orders. Accordingly, this court does not have jurisdiction over these issues. See Hess , 254 Kan. at 718. This court cannot reach Roy's issue IV on the merits because he inadequately briefed the issue and it is therefore waived. See Russell v. May , 306 Kan. 1058, 1089, 400 P.3d 647 (2017).
This leaves only Roy's issue I, where he argues:
"The District Court Lacked Subject Matter Jurisdiction because there were no Documents submitted with the petition that acknowledges MERS as an agent or nominee Of any lender, and as such appellee lacked standing, and MERS assignment to Champion Mortgage was materially defective."
"[S]tanding [is] a component of subject matter jurisdiction that may be raised for the first time on appeal." Stechschulte v. Jennings , 297 Kan. 2, 29, 298 P.3d 1083 (2013). Further, "question[s] of subject matter jurisdiction may be raised at any time by a party or by a court, including an appellate court." Albright v. State , 292 Kan. 193, Syl. ¶ 3, 251 P.3d 52 (2011). Thus, this court may properly consider whether Champion had standing to bring this foreclosure suit and, therefore, whether the Pawnee County District Court had subject matter jurisdiction over this suit. "The question of standing is one of law over which this court's scope of review is unlimited." Gannon v. State , 298 Kan. 1107, 1122, 319 P.3d 1196 (2014).
Champion erroneously contends that this court cannot reach any of Roy's issues on the merits. Accordingly, Champion did not argue this issue. Roy's briefing on this issue is confusing and unclear.
Seemingly, Roy argues that MERS was not an "agent or nominee of any lender" and, therefore, did not have the authority to assign the mortgage to Champion. Thus, Roy argues Champion has no right to enforce the note and no right to bring a foreclosure suit. Roy apparently quotes Landmark Nat'l Bank v. Kesler , 289 Kan. 528, 216 P.3d 158 (2009), for the proposition that "MERS is not a real party, and has no rights to title." This quote, however, does not appear anywhere in our Supreme Court's decision in Kesler . Further, our Supreme Court in Kesler did not decide whether MERS could ever have standing to bring a foreclosure suit. Rather, it decided that a district court did not abuse its discretion by finding that MERS, which was named in the particular mortgage document " 'solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns' " was not a contingently necessary party in a foreclosure. 289 Kan. at 530, 542.
In Kesler , our Supreme Court did caution that "in the event that a mortgage loan somehow separates interests of the note and the deed of trust, with the deed of trust lying with some independent entity, the mortgage may become unenforceable." 289 Kan. at 540. It seems that Roy may be arguing that such is the case here.
Nevertheless, nothing in the record here suggests that in this case the mortgage note and deed of trust were separated. "The burden to establish standing rests with the party asserting it." FV-I, Inc. v. Kallevig , 306 Kan. 204, 211, 392 P.3d 1248 (2017). To establish standing, a foreclosing plaintiff must show "(1) that the note was made payable to [the foreclosing plaintiff] or was endorsed in blank and (2) [the foreclosing plaintiff] was in possession of the note" when it filed the foreclosure suit. 306 Kan. at 215. Here, Champion attached to its petition the mortgage documents, mortgage note, and the chain of recorded assignments of the mortgage from the Urban Financial Group to the Seattle Mortgage Company on June 12, 2007, from the Seattle Mortgage Company to MERS on November 13, 2007, and from MERS to Champion on November 27, 2012.
Roy does not contest the veracity of these documents. Instead, he seems to suggest that MERS is a "strawman" with "no legal authority to assign the instant [m]ortgage." The record shows this is not true. The Seattle Mortgage Company assigned MERS "all beneficial interest under" the mortgage, "together with the note or notes therein described or referred to, the money due and to become due thereon with interest and all rights accrued or to accrue under said mortgage." MERS then assigned Champion "all its right, title, and interest to" the mortgage. Further, Champion attached to its foreclosure petition a copy of the note and the recorded chain of assignments.
When it moved for summary judgment, Champion argued that it was "in possession of the note" and was the "assignee of record of the [m]ortgage." Champion again attached the recorded assignments and mortgage note to its motion for summary judgment, as well as an affidavit from an assistant vice president of Champion who swore that Champion "was in possession of the Note at the time of filing this action and at all times thereafter" and that she personally was "aware of the physical location of the original Note."
Accordingly, this court concludes that Champion has satisfied its burden to establish standing by showing that it was in physical possession of the note and that the recorded assignments provided that it held all "right, title, and interest to" the mortgage. Roy's arguments on this issue fail.
Did the Trial Court Violate Roy's Fourteenth Amendment Due Process Rights By Failing to Give Notice of Its Orders?
As discussed earlier, this court only has jurisdiction over issues arising from the February 8, 2018 order, and the October 2, 2018 order. Roy's issue II does not arise from either the February 8, 2018 order or the October 2, 2018 order. According to Roy, this issue arises from orders issued "in May and September of 2017." Accordingly, this court does not have jurisdiction over this issue. See Hess , 254 Kan. at 718.
Did the Trial Court Violate Roy's Fourteenth Amendment Due Process Rights By Denying His Request to Participate in a Pretrial Conference by Telephone?
As discussed above, this court only has jurisdiction over issues arising from the February 8, 2018 order and the October 2, 2018 order. Roy's issue II does not arise from either the February 8, 2018 order or the October 2, 2018 order. Instead, it deals with decisions from April and May 2017. Accordingly, this court does not have jurisdiction over this issue. See Hess , 254 Kan. at 718.
Did the Trial Court Lack Jurisdiction Over This Case Because the Foreclosure Claim Was Prematurely Filed?
This court cannot reach this issue on the merits because Roy failed to argue the issue. Under this issue, Roy wrote the following:
"Standard of review, de novo .
"In the case of Reverse mortgage Solutions Inc, v Enlow, (kan App 2018), this Court held that 24 CFR 206.125 was an affirmative defense that needed to be asserted by the Defendant in Their answer. Under the timeline of 24 CFR the estate/heirs, have an initial Six Month period (from time of death) to try to purchase, sell or refinance the property. In the answer of Appellant, (and his attempted amended answer) his 'Sixth affirmative defense' asserts a 24 CFR 206.125 Federal defense to the petition of appellee. Vol. I, p. 212."
Roy does not explain what this affirmative defense is or how his alleged assertion of this defense affects Champion's standing. Issues raised only incidentally in a brief or otherwise inadequately briefed are deemed waived and abandoned. In re Marriage of Williams , 307 Kan. 960, 977, 417 P.3d 1033 (2018) ; Russell , 306 Kan. at 1089.
Affirmed in part and dismissed in part.