NOT DESIGNATED FOR PUBLICATION

No. 119,577

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARIO RIVERA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed February 14, 2020. Affirmed and appeal dismissed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., POWELL, J., and LAHEY, S.J.

PER CURIAM: Mario Rivera untimely appealed the district court's summary denial of his K.S.A. 60-1507 motion. We remanded the case to the district court for a hearing to determine if any exception to the requirement of a timely filed notice of appeal, as set forth in *Albright v. State*, 292 Kan. 193, Syl. ¶ 5, 251 P.3d 52 (2011), applied to Rivera's case. At the conclusion of the hearing, the district court found no exception applied. The only issue in this appeal is whether the district court erred in that finding. After a review of the record, we affirm the district court and conclude Rivera's appeal is jurisdictionally barred by his untimely appeal.

1

On May 9, 2013, a jury convicted Rivera of one count of aggravated criminal sodomy. The district court sentenced Rivera to 195 months in prison followed by lifetime postrelease supervision. A panel of our court affirmed his conviction on direct appeal. *State v. Rivera*, No. 110,274, 2014 WL 6909623 (Kan. App. 2014) (unpublished opinion).

On October 8, 2015, Rivera filed a pro se K.S.A. 60-1507 motion, asserting various claims of ineffective assistance of trial and appellate counsel. The district court appointed attorney Michael Brown to represent Rivera in the 60-1507 proceeding. On December 5, 2016, the district court found that an evidentiary hearing was not required and denied Rivera's 60-1507 motion. On January 13, 2017, the district court's written journal entry was filed. Rivera filed a pro se notice of appeal on March 10, 2017. Because the notice of appeal was filed more than 30 days after the journal entry was filed, we ordered the parties to show cause why the appeal should not be dismissed for lack of jurisdiction. See K.S.A. 2017 Supp. 60-2103(a). In response to the show cause order, Rivera placed the blame for the untimely appeal on his lawyer, and our court remanded the case to the district court for a hearing to establish whether an *Albright* exception justified the untimely appeal.

*The* Albright *hearing*

On remand, the district court appointed new counsel for Rivera and conducted an evidentiary hearing. Rivera and Brown were the only witnesses. Rivera testified he only went to the seventh grade in school and he does not "read or write at all really." He thus contended that Brown's communication with him—entirely by letter—was not an adequate form of communication and consultation.

2

At the hearing, Rivera disclosed that a fellow inmate assisted him with the filing of his original pro se K.S.A. 60-1507 motion. He relied exclusively on his fellow inmate to read, research, and advise him how to proceed in legal matters. Although Rivera received a letter notifying him that a lawyer would be appointed to assist him, he testified he did not know Brown had been appointed and he never met with or received any correspondence from Brown.

Rivera testified that the inmate who helped with the original 60-1507 motion informed him that the motion had been denied. On cross-examination, Rivera conceded he had received a letter notifying him that his 60-1507 motion had been denied, but he thought it was from the State. Ultimately, he appeared to accept that it was Brown who wrote that letter. When Rivera was asked whether he filed the notice of appeal as soon as he knew about the denial, Rivera responded: "'Yes, [the inmate] did. I'm assuming he did.'" Rivera said the inmate helping him "'takes care of everything' and 'I just give it to him.'" The inmate would bring him documents, and Rivera would "scribble" his name on them. When the State asked Rivera how much time elapsed between when he learned of the denial of his 60-1507 motion and the filing of the notice of appeal, Rivera was unable to provide a meaningful timeframe, at one point saying it could have been a year. He said, "I asked the [inmate] who's helping me out to appeal, you know, write everybody that needs to know that I want to appeal it."

Rivera testified he gave all the letters he received to the inmate helping him and further explained:

> "I didn't fill nothing out. I don't read anything. He does it all. What you want me to say, that I'm filling stuff out? You keep on asking me the same question, did you fill this out, did you read this. I cannot read. So I'm not understanding what you want me to say, just you said—I'm not lying to you. I can't read. This gentlemen gets everything. When the unit team comes from max, passes out our mail, we get it, here you go, handle that and he handles it. And when he tells me to sign under here for a motion or anything I sign it.

3

That's all I do. I don't know—he'll tell—he's the one that told me I'm coming back to court. So I said all right, when. We didn't even know yet. I think the CO came and got me from work."

Rivera admitted he never informed Brown of his desire to appeal. The only person Rivera told of his desire to file an appeal was the inmate helping him with his legal proceedings.

Brown testified that after his appointment in May 2016, he sent Rivera his "1507 letter," a two-page document explaining the 60-1507 motion process. Shortly after sending that letter, Brown received correspondence from Rivera asking Brown to withdraw so Rivera could hire an attorney to handle the matter. Brown complied with Rivera's request by filing a motion to withdraw as Rivera's counsel. Brown sent a follow-up letter to Rivera in early July asking if he had obtained counsel to assist with the 60-1507 motion but did not receive a response to that inquiry. However, also in July, Rivera sent Brown an addendum to his original 60-1507 motion. Brown filed it with the district court and sent a copy to Rivera. He also sent a letter to Rivera in July with his analysis of the 60-1507 motion. Ultimately, Rivera failed to hire an attorney, and the district court denied Brown's motion to withdraw.

Brown sent a pretrial questionnaire to Rivera in advance of the pretrial hearing scheduled in December. After the district court determined that an evidentiary hearing was not necessary and denied Rivera's K.S.A. 60-1507 motion, Brown wrote a letter to Rivera—dated December 9, 2016—informing him of the denial of the motion, the reasons for the denial, and the timeline for filing a notice of appeal. Brown's letter closed with the following:

"Now then, if you want to appeal Judge [Woolley's] decision, you have 30 days from the date the order is filed with the clerk in which to file a notice of appeal to the court of

appeals. If you desire to do so, advise me as quickly as possible so that I can draft the pleadings to perfect an appeal. Copies will be sent to you."

After receiving the written journal entry memorializing the district court's ruling, Brown mailed a copy of the journal entry to Rivera on January 17, 2017. Thereafter, Brown received no direction from Rivera as to how he wished to proceed.

At the conclusion of the evidence, Rivera's counsel argued that Brown's communication by written letter did not meet the level of consultation required because of Rivera's limited ability to read and write. He asserted that if Brown had provided Rivera the information in a different manner, such as by phone call or in person, then there was a reasonable probability that Rivera would have directed him to file a notice of appeal in a timely manner. Rivera's counsel also argued that a more informed consultation would have included a reminder of the 30-day time limit to file an appeal when Brown sent a copy of the journal entry to Rivera.

The State challenged the credibility of Rivera's claim he did not receive any correspondence from Brown or know that Brown had been appointed. The State pointed out that Rivera communicated directly with Brown at least twice: when he wrote to Brown asking him to withdraw and when he sent the addendum to his original motion. Noting Rivera's ability to recognize a document when it was handed to him on cross-examination, the State also challenged Rivera's claimed inability to read.

*The District Court's Ruling*

After hearing the testimony, the district court identified that its role was to consider whether Rivera demonstrated "excusable neglect" in not timely filing the notice of appeal and that, as described in *Albright*, but for counsel's ineffectiveness in his consultation with Rivera, a timely notice of appeal would have been filed. The district

5

court reviewed the procedural history of the case and noted that Rivera filed his notice of appeal 23 days out of time.

The district court concluded that Rivera's untimely filing was not excused by any *Albright* exception. Rivera's request to Brown to withdraw demonstrated to the district court Rivera's ability and the knowledge to make his wishes known as to how he wanted to proceed on the case. The district court found that on December 9, 2016, Brown sent notice to Rivera that his 60-1507 motion had been denied and informed him of his appeal rights. The district court further found that when Rivera learned his motion had been denied, Rivera made the affirmative decision to give the information to his "jailhouse lawyer" rather than communicate with Brown.

The district court determined that Rivera had some ability to read, based on the fact that, when presented the document on cross-examination, he recognized it as his 60-1507 motion and he understood what was on the first page. The district court noted that Rivera demonstrated some ability to read sufficiently so as to understand what was going on, and that was bolstered by the evidence that when Rivera got the documents from Brown, he understood they were important and he took them to his jailhouse lawyer.

As to credibility, the district court noted that Rivera's testimony showed a lack of memory about the circumstances and Rivera failed to effectively dispute or controvert Brown's testimony about the information Brown sent to Rivera. The district court also found that Brown's letter was sufficient communication and consultation about Rivera's notice of appeal and rights to appeal. The district court stated the law did not require a phone call or a visit to communicate about the appeal. Finally, the district court found that Rivera did not demonstrate a reasonable probability that but for appointed counsel's deficient failure either to consult with him or act on his wishes, an appeal would have been filed. The district court concluded Rivera did not show excusable neglect that justified the late filing of his notice of appeal.

6

Rivera timely appeals.

## DID THE DISTRICT COURT ERR IN FINDING NO *ALBRIGHT* EXCEPTIONS EXISTED TO EXCUSE RIVERA'S UNTIMELY NOTICE OF APPEAL?

The right to appeal is purely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction over an appeal only if the appeal is taken in the manner set forth in the statutes. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). The procedure for appealing a judgment in a K.S.A. 60-1507 proceeding requires that a notice of appeal be filed within 30 days from the entry of judgment. K.S.A. 2018 Supp. 60-2103(a). Here, the parties agree that Rivera's notice of appeal was filed after the 30-day deadline.

The failure to file a timely notice of appeal generally requires dismissal of the appeal. However, a movant whose K.S.A. 60-1507 motion is denied may file a notice of appeal outside the 30-day period if he or she received ineffective assistance of counsel which deprived him or her of the opportunity to timely appeal the denial of the 60-1507 motion. See *Albright*, 292 Kan. at 197.

> "The rules for determining if a K.S.A. 60-1507 movant received ineffective assistance of counsel when appointed counsel failed to file a timely appeal are: (1) If the movant requested that an appeal be filed and it was either not filed at all or not timely filed, appointed counsel was ineffective; (2) a movant who explicitly told his or her appointed counsel not to file an appeal cannot later complain that, by following instructions, counsel performed deficiently; or (3) in other situations, such as where appointed counsel has not consulted with the movant or the movant's directions are unclear, the movant must demonstrate a reasonable probability that, but for appointed counsel's deficient failure to either consult with the movant or act on the movant's wishes, an appeal would have been filed. The movant need not show that a different result would have been achieved but for counsel's performance. If the movant establishes that

7

counsel's performance was deficient as tested in the first or third prong of this test, the movant will be allowed to file an appeal out of time." 292 Kan. 193, Syl. ¶ 5.

Whether jurisdiction exists and whether we recognize an exception to the requirement of filing a timely notice of appeal are questions of law subject to unlimited review. 292 Kan. at 197. Our courts have not specifically addressed the standard of review to be applied to a hearing under *Albright*. But similar to a remand of a direct appeal alleging ineffective assistance of counsel, the purpose of the remand is "so that facts relevant to determination of the legal issue may be developed and an evidentiary record established." *Rowland v. State*, 289 Kan. 1076, 1084, 219 P.3d 1212 (2009); see *State v. Van Cleave*, 239 Kan. 117, 120, 716 P.2d 580 (1986). Our Supreme Court recently described the standard of review for assessing a district court's *Van Cleave* ruling as follows:

> "'A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. Appellate courts review the *Van Cleave* court's factual findings to determine whether the findings are support[ed] by substantial competent evidence and support the court's legal conclusions; appellate courts apply a de novo standard to the district court's conclusions of law.' [Citations omitted.]" *State v. Harris*, 310 Kan. 1026, 1045, 453 P.3d 1172 (2019).

We apply the same standard of review here. We review the district court's factual findings for substantial competent evidence, but we apply a de novo standard when reviewing the ultimate legal determination by the district court that Rivera is not entitled to relief under the third *Albright* exception.

"[K.S.A.] 60-1507 movants who have counsel are entitled to the effective assistance of that counsel, and if counsel's performance was deficient for failure to file a timely appeal, as a remedy a 60-1507 movant should be allowed to file an out-of-time appeal." *Albright*, 292 Kan. at 207.

8

The parties agree the only *Albright* exception at issue here is the third prong. To find the third *Albright* prong applies, Rivera has the burden to show that counsel's performance was deficient, and he must demonstrate a reasonable probability that, but for counsel's failure to consult with him or act on his wishes, an appeal would have been timely filed.

The district court rejected Rivera's assertion that an *Albright* exception applied and, based on the evidence presented at the *Albright* hearing, determined that the delay in filing a timely notice of appeal was directly caused by Rivera's actions. Although Rivera's testimony is confusing and contradictory at various points, there is no doubt he did not communicate his desire to appeal to Brown. Instead, Rivera relied exclusively on his fellow inmate to comply with the deadline for filing a notice of appeal.

Rivera asserts that Brown's written correspondence could not serve as proper consultation when one considers his limited ability to read and write. But the district court observed that Rivera demonstrated some ability to read and identify documents. In fact, Rivera communicated with Brown twice in written form, and there was no indication that Rivera told Brown he had a limited ability to read and therefore needed another method of communication. In addition, there was no evidence presented to show that Brown knew, or had any reason to know, of Rivera's purported limited ability to read and write. We find substantial competent evidence supports the district court's view that Rivera failed to meet his burden to show that Brown's method of consultation was deficient.

At a minimum, the record is unclear regarding the extent of Rivera's illiteracy as he testified he "made it to seventh grade." He variously characterized his abilities from "[did] not read or write real well" to "I cannot read." However, because Rivera was able to identify his 60-1507 motion when it was shown to him at the hearing, the district court found that it appeared he had some ability to read and write. Under these circumstances,

9

Rivera has failed to show that Brown's method of communicating his right to appeal in writing constituted a deficient failure to consult with Rivera. The evidence supports the district court's finding Rivera failed to protect his own interests when he relied on his fellow inmate, rather than his attorney, to file the notice of appeal.

Rivera appears to suggest that the *Albright* exceptions fall short under the circumstances presented when he claims that an *Albright* analysis "simply is not workable under his unique circumstances." But he presents no support or argument for extending those exceptions to the circumstances presented. He also faults his appointed counsel at the *Albright* hearing for failing to adequately develop the facts by obtaining additional documentation or by calling as a witness the inmate who assisted Rivera. As a result of these deficiencies, Rivera contends there were not enough facts for the district court to properly effectuate an *Albright* analysis, and he requests we remand the case for an additional hearing. This argument again ignores the fact that it was his burden to present sufficient facts at the hearing to show that his attorney was ineffective and responsible for the untimely filing. Rivera makes no argument of any newly discovered evidence, points to no authority for a second *Albright* hearing, and we find no basis for a second remand.

In a written letter dated December 9, 2016, Brown informed Rivera of the district court's denial of his K.S.A. 60-1507 motion and the timeline for filing an appeal. Brown followed up by sending Rivera the official journal entry shortly after it was filed on January 13, 2017. Brown did not hear from Rivera about his desire to pursue an appeal. Rivera argues that when Brown did not hear from Rivera, an ambiguity was created that placed the burden on Brown to file the notice of appeal. We do not agree. Brown's letter made it clear that the onus was on Rivera to affirmatively let Brown know if an appeal was desired. Rivera admits he did not contact Brown. His chosen method of pursuing his appeal was to do so by contacting his fellow inmate rather than by contacting his

10

attorney. Under these circumstances, the district court found that counsel was not deficient or ineffective in his method of consultation with Rivera.

Based on the record before us, we agree with the district court that Rivera failed to show any *Albright* exception applied to excuse his untimely notice of appeal. Without a finding that Rivera would have filed a timely notice of appeal but for counsel's deficient performance, the *Albright* exception does not apply. Accordingly, the district court properly declined to find that excusable neglect justified the late filing of Rivera's notice of appeal. As a result, we affirm the district court's order regarding the *Albright* hearing and dismiss the appeal due to lack of jurisdiction.

Affirmed and appeal dismissed.