NOT DESIGNATED FOR PUBLICATION

No. 124,858

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANSON R. BERNHARDT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Submitted without oral argument. Opinion filed November 9, 2023. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER and CLINE, JJ.

CLINE, J.: Anson R. Bernhardt appeals the denial of his K.S.A. 60-1507 motion challenging his conviction for first-degree murder. He claims his defense attorney provided ineffective legal assistance by failing to request a voluntary intoxication jury instruction at his trial.

We see no error in the district court's decision. The court found a voluntary intoxication instruction was unwarranted and most likely would not have been given, even if requested, based on the factual circumstances and trial evidence. The court's

1

factual findings are supported by substantial competent evidence and those findings are sufficient to support its legal conclusion. Since we agree that Bernhardt's attorney was not ineffective and Bernhardt was not prejudiced by the failure to give the instruction, neither prong of the ineffective assistance of counsel test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), was satisfied.

FACTS

On September 29, 2012, Bernhardt and his girlfriend, Amber Kostner, attended a party at a bar, where they were both drinking. The next morning, Kostner's body was found in a ditch next to a roadway. The Sedgwick County Sheriff's Department took Bernhardt into custody that evening. Once in custody, Bernhardt was questioned in a taped interview which was later admitted at trial. *State v. Bernhardt*, 304 Kan. 460, 461-62, 372 P.3d 1161 (2016).

Bernhardt gave conflicting accounts to the police of what happened that night. But he eventually confessed to Kostner's murder, saying he "'beat the crap out of her and dumped her body.'" *Bernhardt*, 304 Kan. at 462. Bernhardt explained that, while they were driving home, they had an argument and Kostner hit him. He then stopped the car, pulled Kostner out by her hair, and kicked her 20 to 30 times. After this, he put her into the backseat and began driving again. But before he reached his destination, Bernhardt said he stopped and moved Kostner to the trunk because her "garbled" breathing bothered him. 304 Kan. at 463. Once he reached a drainage ditch near a local high school, Bernhardt opened the trunk and threw Kostner into the ditch. She was still alive when he left. Bernhardt then drove home and went to sleep. After this confession, the State charged Bernhardt with first-degree murder. 304 Kan. at 463.

Bernhardt did not testify at his jury trial, but the State admitted his taped interview with law enforcement into evidence. The State also introduced evidence that Kostner had

significant bruising all over her body, and that, had she received medical care, she may have survived. 304 Kan. at 463-64.

The jury was instructed on three possible offenses at trial—first-degree murder (intentional and premeditated), intentional (but not premeditated) second-degree murder, and reckless (not intentional) second-degree murder. 304 Kan. at 465-66; *Bernhardt v. State*, No. 121,018, 2020 WL 3116719, at *1 (Kan. App. 2020) (unpublished opinion). Bernhardt's attorney did not dispute that Bernhardt murdered Kostner. Instead, he argued the murder was not premeditated. He suggested the jury should consider the fact that they both had been drinking and Bernhardt told the police that he had had too much to drink that night. His attorney argued Bernhardt lacked the intent necessary to commit first-degree murder because Bernhardt "was drunk, he was slapped, and he acted in a rage."

Ultimately, the jury convicted Bernhardt of first-degree murder. 304 Kan. at 466. At sentencing, the district court imposed a life sentence without the possibility of parole for 50 years. 304 Kan. at 469. Bernhardt appealed, but our Supreme Court affirmed his conviction in May 2016. 304 Kan. at 461. In his direct appeal, Bernhardt challenged his jury instructions' description of premeditation, which included the description of premeditation in the pattern jury instruction as well as additional descriptive language:

> "'Premeditation' means to have thought over the matter beforehand, in other words, to have formed the design or intent to kill before the act. Although there is no specific time period required for premeditation, the concept of premeditation requires more than the instantaneous, intentional act of taking another's life.
> "Premeditation is the process of thinking about a proposed killing before engaging in homicidal conduct.
> "Premeditation does not have to be present before a fight, quarrel, or struggle begins. Premeditation is the time of reflection or deliberation. Premeditation does not necessarily mean that an act is planned, contrived, or schemed beforehand.

"Premeditation can be inferred from other circumstances including: (1) the nature of the weapon used, (2) the lack of provocation, (3) the defendant's conduct before and after the killing, (4) threats and declarations of the defendant before and during the occurrence, or (5) dealing of lethal blows after the deceased was felled and rendered helpless.

"Premeditation can occur during the middle of a violent episode, struggle or fight."

Bernhardt also challenged the instructions given for the lesser-included offenses, but he did not claim a voluntary intoxication instruction should have been given. Our Supreme Court found no error in the jury instructions given at Bernhardt's trial. 304 Kan. at 472-77.

Bernhardt timely filed a K.S.A. 60-1507 motion, alleging various ineffective assistance of trial and appellate counsel claims. One of these claims was an assertion that his trial attorney, Steve Osburn, should have requested a voluntary intoxication instruction. The district court denied Bernhardt's motion in October 2018 after an evidentiary hearing.

Bernhardt appealed, and another panel of this court affirmed the denial of all but one of Bernhardt's claims. That panel remanded the case for an evidentiary hearing on the sole issue of whether Osburn provided ineffective legal assistance by failing to request a voluntary intoxication instruction. The panel explained a hearing was necessary because the district court made no factual findings to address this claim and Osburn was never asked at the hearing about why he did not request this instruction. Given the absence of these two items in the record, the panel felt it could not adequately review the issue. *Bernhardt*, 2020 WL 3116719, at *5-6.

After an evidentiary hearing on this issue, the district court again denied Bernhardt's motion. Bernhardt appealed, arguing the instruction was warranted and he

4

was prejudiced by Osburn's error in failing to seek it. He claims his defense was impaired since, if the instruction was given, the jury could have considered his intoxication when deliberating whether to convict Bernhardt of lesser-included crimes rather than first-degree murder.

ANALYSIS

*Standard of Review*

Because the district court conducted a full evidentiary hearing on Bernhardt's claim, it was required to issue findings of fact and conclusions of law on the issue presented. Supreme Court Rule 183(j) (2023 Kan. S. Ct. R. at 244). This court reviews the district court's factual findings to determine whether they are supported by substantial competent evidence and are sufficient to support that court's conclusions of law. Substantial competent evidence possesses both relevance and substance. *Sampson v. Sampson*, 267 Kan. 175, 181, 975 P.2d 1211 (1999). The district court's conclusions of law are reviewed de novo. *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021).

*Standards governing relief under K.S.A. 60-1507*

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2022 Supp. 60-1507(b) (grounds for relief); see Supreme Court Rule 183(g) (preponderance burden). Criminal defendants are guaranteed the right to counsel by both the United States Constitution and the Kansas Constitution. U.S. Const. amend. VI; Kan. Const. Bill of Rights, § 10. This right "necessarily includes the right to *effective*

5

assistance of counsel." (Emphasis added.) *Albright v. State*, 292 Kan. 193, 207, 251 P.3d 52 (2011).

Claims of ineffective assistance of trial counsel are analyzed under the two-prong test articulated in *Strickland*, 466 U.S. 694, and adopted by the Kansas Supreme Court in *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985). Under the first prong, the defendant must show that counsel's performance was deficient. If successful, the court moves to the second prong and determines whether there is a reasonable probability that, but for this deficiency, the outcome would have been different. *State v. Evans*, 315 Kan. 211, 217-18, 506 P.3d 260 (2022).

*Because the instruction was unwarranted, Bernhardt fails to show deficiency.*

The district court concluded Osburn was not ineffective for failing to seek the instruction because it found the instruction was not factually supported. It provided three reasons for this determination: (1) Bernhardt made several conscious decisions the night of the murder which suggested a mental state that did not warrant a voluntary intoxication instruction; (2) Bernhardt had the presence of mind the next day to remember all the steps he took the night before and recount those steps to law enforcement; and (3) the jury received limited evidence of the level of Bernhardt's intoxication on the night of the murder. Because it found the instruction was unwarranted, the district court determined Bernhardt was not prejudiced by Osburn's failure to request it.

While acknowledging that voluntary intoxication may be used as a valid defense to the crime of premeditated first-degree murder, the district court noted evidence to show proof of impairment is required to justify instructing the jury on the defense. It explained that evidence of mere consumption of alcohol is not enough to permit an inference that the defendant was so impaired that he or she could not form the requisite intent. In support, it cited several Kansas Supreme Court cases interpreting K.S.A. 2018

6

Supp. 21-5205(b), which is the statute setting forth the voluntary intoxication defense in Kansas. It added that "[a] defendant's ability to recall the circumstances surrounding the charged crime and provide a coherent narrative of his or her conduct undercuts a claim of intoxication sufficient to warrant a jury instruction," citing *State v. Davis*, 306 Kan. 400, 414-15, 394 P.3d 817 (2017). The district court thus concluded "the instruction would not have been required under the facts of the case and probably would not have been given if requested."

In discussing Osburn's failure to request the instruction, the district court acknowledged that Osburn did not recall—seven to eight years later—why he did not request a voluntary intoxication instruction. But it pointed out that Osburn testified it was possible to argue intoxication without a voluntary intoxication instruction. And, in fact, that is what Osburn did when arguing Bernhardt's mental state did not rise to the level of premeditation, due to his emotions and intoxication. Based on these facts, the court concluded Bernhardt was not prejudiced by Osburn's failure to request the instruction because it found the instruction most likely would not have been given since the facts did not support it.

On appeal, Bernhardt does not challenge the district court's first two reasons for determining the instruction was unwarranted:  That is, its findings that Bernhardt made 13 conscious decisions the night of the murder and his specific recall the next day of those events. Instead, he only attacks its finding that the jury received limited evidence of Bernhardt's intoxication. He maintains the evidence supported giving the instruction, pointing to the following statements he made to law enforcement in his interview:  (1) "'I don't think I was thinking anything. I don't remember having any thoughts'"; (2) "'[We] probably both had or I had too much to drink'"; (3) "'I probably passed out. So it was probably as soon as I hit the pillow'"; and (4) "'[T]he alcohol kinda changes stuff.'" He also emphasizes that he told law enforcement he shared three or four pitchers of beer with Kostner on an almost empty stomach.

7

When analyzing Bernhardt's argument, we first consider whether substantial competent evidence supports the district court's factual findings. *Sampson*, 267 Kan. at 181. Deference must be given to the court's findings of fact, and we must "accept[] as true the evidence and any inferences that support or tend to support the district court's findings." *Bellamy v. State*, 285 Kan. 346, 355, 172 P.3d 10 (2007).

We find all three categories of findings made by the district court are supported by substantial competent evidence and are enough to support its legal conclusions since they demonstrated a lack of intoxication sufficient to justify the defense. This is because evidence of intoxication was precisely what was required for a voluntary intoxication instruction to be warranted and Bernhardt's vague statements are insufficient support. *State v. Gallegos*, 313 Kan. 262, 271, 485 P.3d 622 (2021).

A voluntary intoxication instruction is legally appropriate when the matter involves a specific intent crime such as first-degree murder. Factually, however, "[e]vidence of mere consumption of intoxicants does not necessitate a voluntary intoxication instruction." 313 Kan. at 271. Indeed, Bernhardt needed to demonstrate "intoxication to the extent of impairing the ability to form the requisite intent." *State v. Betancourt*, 299 Kan. 131, 141, 322 P.3d 353 (2014). Such evidence includes a loss of ability to reason, to plan, to recall, or to exercise motor skills. 299 Kan. at 141-42. Moreover, as the court noted, his specific recall of events the next day undercuts his claim that he was sufficiently impaired to justify giving the instruction. *State v. Davis*, 306 Kan. at 414-15.

Bernhardt's vague statements do not provide sufficient evidence to warrant this instruction, especially when combined with his sequence of "conscious decisions" and ability to recall the night. Because we find the court's factual findings sufficiently supported by the record, the district court did not err in finding Osburn provided effective assistance in failing to request such an instruction.

8

While Bernhardt focuses on Osburn's inability to explain why he did not request the instruction, that gap is beside the point since there is substantial competent evidence supporting the district court's factual findings that the instruction was unwarranted. That is, counsel cannot be found ineffective for failing to request an instruction which was not supported by the evidence.

Similarly, Bernhardt cannot be prejudiced from Osburn's failure to request an unwarranted instruction. Bernhardt must show that defense counsel's deficient performance was prejudicial. To establish prejudice, he must show with reasonable probability that the deficient performance affected the outcome of the proceedings, based on the totality of the evidence. *Khalil-Alsalaami*, 313 Kan. at 486. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Evans*, 315 Kan. at 218.

Even if Osburn had requested the instruction, Bernhardt has not shown a reasonable probability that the district court would have given it. Furthermore, even without the instruction, the jury could have considered his intoxication when deliberating whether to convict Bernhardt of lesser included crimes rather than first-degree murder. Osburn argued that Bernhardt was too intoxicated to form the intent to commit premeditated murder and the jury was instructed on two lesser included crimes. The jury had the choice to select crimes with less culpable mental states but it convicted Bernhardt of first-degree murder. The State focused on Bernhardt's conscious decisions the night of the murder and his specific recall the next day to support this conviction, and Bernhardt has provided no reason why the jury would have found this evidence less compelling had the voluntary intoxication instruction been given.

Based on this evidence, we see no error in the district court's denial of Bernhardt's K.S.A. 60-1507 motion.

Affirmed.

9